# Thomas Mellor
## v.
## Croft Pilgrim.

1. Drainage.—The owner of a superior estate cannot by any act of his, acquire the right to collect the surface-water upon his land and discharge it upon the land of his neighbor in streams, or in any manner or quantity different from the natural flow.

2. Flowing water upon lands of another—Continuing trespass.—Constructing drains in such a manner as to collect the surface-water upon one's land and discharge it in streams upon his neighbor's, is a continuing nuisance, and successive actions may be brought and sustained as long as such nuisance is continued. The damages are not so permanent and certain in their character as to enable a jury to give compensation at once for the entire injury.

Appeal from the Circuit Court of Stark county; the Hon. D. McCulloch, Judge, presiding. Opinion filed May 2, 1879.

Mr. C. K. LADD and Mr. B. F. THOMPSON, for appellant; that the judgment and transcript offered by the defendant is conclusive as to the existence of the nuisance, it being between the same parties and concerning the same drain, cited Nispel v. Laparle, 74 Ill. 306; Cransdon v. Leonard, 4 Cranch, 434; Mersereau v. Pearsall, 19 N. Y. 110; Beloit v. Morgan, 7 Wall. 619; White v. Coatsworth, 2 Seld. 137; Castle v. Noyes, 14 N. Y. 329; Kelsey v. Ward, 38 N. Y. 83; Gardner v. Buckbee, 3 Cow. 120; Bomehaud v. Dias, 3 Denio, 238; Embury v. Conner, 3 Comst. 522; Gould's Pl. 445; Freeman on Judgments, § 249; Peak's Ev. 36; Bac. Abr. title "Pleas."

The injury is continuous, and successive actions may be sustained as long as the cause exists: McConnell v. Kibbe, 29 Ill. 485; Ill. Cent. R. R. Co. v. Grabill, 50 Ill. 242; Hazen v. Casey, 30 Wis. 553; Johnson v. Long, 1 Raym'd, 370; 2 Kent's Com. 416; 2 Greenleaf's Ev. § 472; 3 Starkie Ev. 991; 1 Hilliard on Torts, 574; Sedgwick on Measure of Damages, 155; 2 Waterman on Trespass, 244; Wood on Nuisance, § 823.

Every continuation is a new cause of action: Sutton v. Clark, 6 Taunt. 29; Phear on Rights of Water, 100; Shodwell v. Hutchinson, 2 Barn. & Ad. 97; Roswell v. Prior, 1 Ld. Raymd. 713; 7 Bac. Abr. 639.

Every man must so use his property as not to injure another: Rudd v. Williams, 43 Ill. 385; Ill. Cent. R. R. Co. v. Grabill, 50 Ill. 242; 2 Kent's Com. 440.

Throwing water upon lands of another entitles the injured person to an action: Stout v. McAdams, 2 Scam. 67; Tanner v. Volentine, 75 Ill. 624; Wood on Nuisance, § 105; 2 Waterman on Trespass, 234.

Plaintiff is not obliged to receive surface water in different quantities or at different times than it naturally would come to his land: Clinton v. Myers, 46 N. Y. 514; Bellenger v. N. Y. C. R. R. Co. 22 N. Y. 42; Pixley v. Clark, 35 N. Y. 520; Corning v. Troy Iron, etc. Factory, 40 N. Y. 199; Merritt v. Brinkerhoff, 17 Johns. 319; Bridgewater v. Trafford, 1 Barn. & Ad. 874; Phear on Rights of Water, 3 Kent's Com. 439; Evans v. Merriweather, 3 Scam. 492; Baird v. Williamson, 15 C. B. (N. S.) 376.

If the drain threw the water upon plaintiff's land in a different manner or quantity, defendant is liable: Livingston v. McDonald, 21 Iowa, 160; Gillham v. Madison Co. R. R. Co. 49 Ill. 484; Bigelow on Torts, 493; Wood on Nuisances, § 121; Higgins' Law of Watercourses, 156; Shears v. Wood, 7 Mo. 345.

The superior heritor cannot, by a system of drainage collect the water and precipitate it on the land below: Smith v. Rennick, 7 C. B. 515; Dickerson v. Worcester, 7 Allen, 19; Butler v. Peck, 16 Ohio St. 334; Miller v. Laughbach, 47 Penn. 154; Gormley v. Sandford, 52 Ill. 158; Nevins v. City of Peoria, 41 Ill. 502; Angell on Watercourses, § 108; Adams v. Walker, 34 Conn. 466; Curtiss v. Eastern, 98 Mass. 428.

Plaintiff cannot be required to make ditches upon his land for the purpose of receiving the water: Goodale v. Tuttle, 29 N. Y. 466.

Although a portion might naturally flow upon plaintiff's land, defendant could not, by ditches, turn the remainder thereon: Butler v. Peck, 16 Ohio St. 335; Kauffman v. Griesemer, 26 Pa. St. 407; Martin v. Riddle, 26 Pa. St. 415; Washburn on Easements, 353.

The same rules apply to underground waters, or waters percolating through the soil: Phear on Rights of Water, 33; Broadbent v. Ramsbotham, 11 Exch. 602; Pixley v. Clark, 35 N. Y. 520; Cooper v. Randall, 53 Ill. 24.

Generally as to defendant's liability: Higgins' Law of Watercourses, 81; Wormersley v. Church, 17 L. T. Rep. 190; Tipping v. Eckersley, 2 K. & J. 264; Mayor v. Chadwick, 11 A. & E. 571; Laing v. Whaley, 3 H. & N. 675; Wood v. Wand, 3 Exch. 781; Stockport Co. v. Potter, 7 H. & N. 160; St. Helen's Co. v. Tipping, 11 N. L. Cas. 642.

Upon the question of damages: Sedgwick on Measure of Damages, 153; Tooth v. Clifton, 22 Ohio St. 247; Wood v. Wand, 3 Exch. 772.

Mr. MILES A. FULLER, for appellee; upon the question of a former judgment being a bar, cited Briscoe v. Loyd, 64 Ill.

33; Rogers v. Higgins, 57 Ill. 244; Howell v. Goodrich, 69 Ill. 557; Gibbs v. Cruikshank, Moak's Eng. R. 211.

Where the nuisance is one that will continue without change, then the damage is an original damage, and may at once be fully compensated: Powers v. Council Bluffs, 45 Iowa, 652; Town of Troy v. Cheshire, R. R. Co. 3 Foster, 83.

The owner of the dominant heritage may drain his land for purposes of cultivation, even though an increased flow of water upon the servient estate is thereby created: Swett v. Cutts, 50 N. H. 439; Beard v. Murphy, 37 Vt. 99; Martin v. Riddle, 26 Pa. St. 415; Kauffman v. Grisman, 26 Pa. St. 407; Hays v. Hinnkerman, 68 Pa. St. 324; Sawen v. Shiff, 15 La. An. 681.

Upon the question of damages: Ottawa Gaslight & Coke Co. v. Graham, 23 Ill. 78; Cooper v. Randall, 53 Ill. 24.

PILLSBURY, P. J. The appellee is the owner of a farm in Bureau county, and the appellant of one in Stark county. The farms are separated by a public highway, the center of which is the line between the lands of the parties. The land of the appellee is slightly higher than that of appellant, yet the natural drainage is so gradual as to make no perceptible difference between the two farms relative to the amount of surface-water standing upon them. There is a slight depression upon the land of appellee, extending to and across the highway, and upon and across the land of appellant.

In the spring of 1876 the appellee constructed a tile drain, commencing near said highway and extending northerly along said depression for about twenty rods, thence dividing into two branches, running in a northwest and northeast direction for about forty rods, and ending in a flat or sag. The effect of this drain was at once to make the land of appellee dryer, and to increase the flow of water upon that of appellant, rendering quite a portion of it unfit for pasturage or cultivation. It appears, also, that in June, 1876, Mellor recovered a judgment against Pilgrim for sixteen dollars, before a justice of the peace, for damages sustained by him in consequence of the construction and continuance of said drain up to date of the commencement of said suit. This judgment was never appealed from,

but was paid by appellee. This suit was commenced in the Circuit Court by appellant, to recover for damages sustained by him since said suit was commenced before the justice.

Upon trial in the Circuit Court verdict and judgment was had against appellant, and he appealed to this court.

That the appellee laid the drain as alleged is not denied ; that it caused the water to flow upon appellant's land in increased volume, thereby damaging him, cannot upon this record be successfully controverted.

A party purchasing land over which surface-water naturally flows from that of a coterminous proprietor, takes it with the burden of receiving such surface-waters, and cannot, by drains, dykes or other obstructions, impede or stop such natural drainage to the injury of the owner of the superior heritage; on the other hand, the owner of the superior heritage cannot, by any act of his, acquire the right to collect the surface-waters upon his land by artificial channels, and thus flow his neighbor's land without his consent.

He cannot impose upon the land of an adjoining proprietor without his assent, or at least acquiescence, the additional burden of having the surface-water converted into a stream, when it is discharged upon his land.

He is bound to receive such surface-water as naturally comes to his land, but is not obliged to accept it to his injury in larger quantities or at different times than he otherwise would but for the voluntary act of his neighbor. Such we believe to be the rule in this State: Gillham v. Mad. Co. R. R. Co. 49 Ill. 484; Gormley v. Sandford, 52 Ill. 158.

This rule does not interfere with the right of the owner of land to make drains upon his own lands, and discharge their contents into natural watercourses, for in the case at bar there can be no pretense even that the depression shown to exist was of that character.

The whole case here is, that the appellee collected the surface-water upon his land, and from some parts of it which did not flow naturally over that of appellant, and discharged it in increased volume upon the farm of appellant. This the law gave him no right to do.

The instructions given by the court at the instance of the appellee, in so far as they are not in consonance with the views above expressed, are erroneous.

It is argued by counsel that the judgment rendered by the justice of the peace is a bar to the present suit. This position we deem untenable. There would be force in the argument if the injury caused by the construction of the drain went to the destruction of the entire estate, and in that case the authorities cited would be applicable. Here, however, the damages are not so permanent and certain in their character as to enable a jury to give compensation at once for the entire injury. It is in the nature of a continuing nuisance, and in such cases successive actions may be brought and sustained as long as such nuisance shall be maintained.

We have no doubt that the appellant should recover upon the facts in this record.

The judgment must be reversed and the cause remanded for a new trial, when the jury can be instructed in harmony with the rule announced in this opinion.

Reversed and remanded.