# JOHN TOTEL

## v.

## ESAIE BONNEFOY ET AL.

*Drainage—Open Ditch—Right to Fill—Parol License—Revocation—Injunctions—Weight of Evidence—Number of Witnesses.*

1. A parol license to use a ditch upon the lands of another, is revocable.
2. The weight of evidence upon an issue of fact is not determined merely by the number of witnesses who testify.

[Opinion filed May 27, 1887.]

IN ERROR to the Circuit Court of La Salle County; the Hon. DORRENCE DIBELL, Judge, presiding.

Messrs. BULL, STRAWN & RUGER, for plaintiff in error.

Messrs. DUNCAN & O'CONNOR and H. T. GILBERT, for defendants in error.

WELCH, J. The plaintiff in error filed his bill of complaint in the Circuit Court to prevent defendants in error from damming up a certain ditch or drain at the point it left plaintiff in error's premises. Defendants in error had filled up the ditch, and plaintiff in error removed the obstructions, and filed this bill to enjoin the defendants in error from again filling it up. Plaintiff in error alleged in his bill that for more than twenty years prior to the filing of his bill, the surface water

from the S. W. ¼ of 17, continuously drained north in a ditch through the center of the N. W. ¼. He also alleges that this is the natural course of the water. He also alleges in the amendment to his bill that the owners of the land, by mutual agreement, reconstructed the ditch afterward obstructed, and that Bonnefoy bought with full knowledge of the fact. Temporary injunction granted. Joint answer of defendants in error filed. It admits that the S. W. ¼ is wet, but denies that the natural course of the water is north along the line dividing the E. ½ and W. ½ of the N. W. ¼, and alleges that the natural course is northeast and cuts off the southeast corner of the N. W. ¼. It denies the making of the ditch in 1881, and the acquiescence of the owner; and alleges that in 1877 plaintiff in error fraudulently induced Carpenter to consent to the excavation of the ditch by representing that it would be of benefit to him; that thereupon plaintiff in error made a system of drains upon his own land, which brought the water upon the defendants in increased quantities and with greater speed, and so rendered worthless large tracts of their land; that the ditch did not exist prior to 1877; and that the defendants dammed the ditch in March, 1882, to protect themselves. On the hearing the court dissolved the injunction and dismissed the bill, and complainant sued out this writ of error. It is first insisted by solicitors for plaintiff in error, that the weight of the evidence supports the allegation in the bill that the natural course of the water from the S. W. ¼ was north, through the center of the N. W. ¼. Ten witnesses testified on behalf of plaintiff in error, that the natural course of the water from the S. W. ¼ was north, through the center of the N. W. ¼. Eight witnesses testified on behalf of defendants in error that the natural course of the water was east, or northeast, through the south part of E. ½, N. W. ¼. In determining an issue of fact, it is not mere numbers of witnesses that should control, but a variety of considerations enter into the determination; such as the intelligence of the witnesses, their interest in the result of the suit, their fairness and means of information and corroborating circumstances. Gill v. Crosby, 63 Ill. 190; C., B. & Q. R. R. Co. v. Dickson, 63 Ill. 151. It was

the peculiar province of the chancellor who heard this case to determine the weight to be given to the testimony of the witnesses, and we do not feel at liberty to reverse or supervise his finding.

It is further insisted by solicitors for plaintiff in error, that the plaintiff in error had the right to the free use of the ditch in controversy, by a continuous and uninterrupted drainage of his surface water through and along it for more than twenty years, with the knowledge and acquiescence of the owners of the land over which it passed. In 1861 Michael Callahan, as the tenant of King, occupied the northwest quarter, and appellant occupied the E. $\frac{1}{2}$, S. E. $\frac{1}{4}$, of 17. Boissonas owned the W. $\frac{1}{2}$ S. W. $\frac{1}{4}$. Under a verbal agreement between Boissonas and Callahan, a ditch was constructed on the land occupied by Callahan across the quarter section running from the south toward the north, near the middle of it. This ditch was about a foot wide and sixteen inches deep. This ditch was constructed in a swale where the water ran in a state of nature. In 1877 the ditch in controversy was constructed by Donvia, Carpenter and plaintiff in error. Callahan, who dug the first ditch, says in regard to the new ditch: "The ditch I found a year ago, was a different ditch; out of the place altogether from the old ditch, moved east. The first ditch was constructed just to follow the natural watercourse, and the last ditch was right on the line between the two eighties." The old ditch seems to have been abandoned and filled up years ago. There is a sharp conflict in the evidence as to whether the first ditch ran to plaintiff in error's north line or stopped fifteen or twenty feet from it. We are of the opinion that the preponderance of the evidence shows that the ditch commenced fifteen or twenty feet north of plaintiff in error's line. The right to use either of said ditches was by virtue of parol license which, as held in Woodward v. Seely, 11 Ill. 157, is revocable, even if it should be conceded that a user under such license could ripen into a prescriptive right.

No such right is shown by the proof in this case; there was no such right acquired in the old ditch at the time it was filled

up and abandoned. The ditch in controversy having been constructed in 1877, under a parol license, no right by prescription to its use has been acquired by plaintiff in error.

We have had before us a question similar in many respects to the one involved in this case.

The case of Stoddard v. Filger, 21 Ill. App. 560. We refer to that opinion and authorities cited, upon the question of the right to revoke a parol license to use a ditch, and the right to fill it up even with the surface of the ground, etc. In our view plaintiff in error had no such right to the use of the ditch in controversy as to authorize a court of equity to enforce it by injunction. We find no error in the decree of the Circuit Court.

*Decree affirmed.*