Graham v. Keene.

ANDREW GRAHAM ET AL., COMMISSIONERS, ETC.,

v.

GEORGE M. KEENE.

*Practice—Assignment of Errors—Drainage of Highways.*

1.   Where no errors are assigned upon the record the decree of the court below must be affirmed.

2.   The owner of a dominant heritage may, by ditches or drains, drain his own land into the natural and usual channel or watercourse, even if the quantity of water thrown upon the adjacent heritage be thereby increased. The same rule applies to surface water as to running streams.

3.   The rule is the same when applied to highways as to farms.

4. To come within the rule the water must be turned into a natural and regular watercourse or channel leading from the land, and not otherwise.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of De Kalb County; the Hon. CHARLES KELLUM, Judge, presiding.

Mr. HARVEY A. JONES, for appellants.

Messrs. L. LOWELL and G. W. DUNTON, for appellee.

UPTON, P. J. This is a bill in chancery brought by appellee in the Circuit Court of De Kalb County against the commissioners of highways of the town of Victor in that county, and Joseph Smith, their employe and servant, appellants. The relief here sought was to restrain, by injunction, the digging of a ditch easterly and along the north side of a highway, described and located in the bill, through which to discharge and drain water accumulating in a pond or sag crossed by the highway upon the complainant's land, used for cultivation, where in a state of nature it would not flow or be discharged, and at a point where there is no natural channel, watercourse or outlet therefor, thereby causing permanent and irreparable damage to complainant, as claimed. It was a sworn bill.

Upon this bill a preliminary injunction was issued. The defendants thereafter filed an answer and issues were made. The cause was referred to the master, who filed his report at the October term of that court, 1888, specially finding in effect that all the material allegations of complainant's bill were true and that he was entitled to the relief thereby sought. To this report exceptions were taken by appellants, and thereafter, upon hearing, the court overruled the exceptions, approved and confirmed the master's report, and entered a final decree pursuant to the prayer of the bill, to which appellants excepted, and the case is now before us on appeal from that decree. *There are no errors assigned upon this record.*

Graham v. Keene.

In the trial court a stipulation was filed, signed by the solicitors of the respective parties, "that the objections filed before the master and overruled by him should be treated as exceptions to the report, for the purpose of a hearing before the court and any other court." Under the rules of this court, therefore, *the decree below should be affirmed.* But inasmuch as it will not change the result in this case, we incline to briefly state our views from a careful examination of the evidence in the record before us, upon the points made by the exceptions to the master's report; as to those *only* complaint is made ; and if it be found that the findings of that report are warranted by the evidence, clearly, the decree should and must be affirmed on the merits of this contention.

The right of drainage is the same whether applied to farms or highways, not otherwise or different, it is conceded. Com'rs of Highways v. Whitsitt, 15 Ill. App. 318. Commissioners of highways can invoke the aid of the eminent domain act to the same extent as others and to no greater extent. Sec. 8, Chap. 121 R. S. (Starr & Curtis) ; Nevins v. City of Peoria, 41 Ill. 502.

It will hardly be claimed that owners of farm lands have the right of drainage upon adjoining lands, except to or along the natural line of such drainage, or natural channel or water course. In Hicks v. Silliman, 93 Ill. 255, it was held, that while it may be proper for the owners of land to use and cultivate it according to the ordinary modes of good husbandry, although in so doing it may interfere with the natural flow of surface water in passing over his own land, so as to increase or diminish the amount that would otherwise reach the land of an adjacent proprietor, yet such owner has no right, by the construction of *ditches* or embankments or other artificial structures to precipitate collected surface water from his own land, or from those of other persons, upon the land of his neighbors, and if he attempts to do so a court of equity will interpose to prevent the acts. It was further held in that case, that when it appears that the land upon which such undue proportion of surface water is about to be cast is low and wet and barely susceptible of cultivation, the court

would be fully warranted, without further evidence in the conclusion, that the land would be thereby injured, and the owner would be entitled to protection from such result.

The rule of law is well settled in this State, that the owner of a dominant heritage may, by ditches or drains, drain his own land into the *natural and usual channel or watercourse*, even if the quantity of water thrown upon the adjacent heritage be thereby increased. The same rule in this State applies to surface water as to running streams. Peck v. Herrington, 109 Ill. 611; Gillham v. Madison Ry. Co., 49 Ill. 484; Gormley v. Sanford, 52 Ill. 158; Wagner v. Chaney, 19 Ill. App. 546; Totel v. Bonnefoy, 123 Ill. 638.

In the case of Wagner v. Chaney, 19 Ill. App. 546, which was a case in many particulars like the case at bar, this court said: "This case does not fall within the rule announced in this State, allowing the owners of the upper or dominant heritage to construct drains that will impose an increased burden of water upon the lower heritage, and *for the reason that the water in the case at bar was not to be discharged into any natural and regular watercourse or channel leading from the land.* The reason given in the case last above cited is the distinction maintained in all the later cases in this State bearing upon the question involved in the case at bar.

The case of Anderson v. Henderson, N. E. Rep., Vol. 16, page 232, Ill. Sup. Ct., not yet reported, is in many respects identical with the case at bar. It is there said : " It is a matter of common observation and needs no proof to establish the fact, that ponds, situate upon the upland, as they frequently exist, are surrounded by what may be termed a rim, with a slight depression at some point over which the water escapes, when more flows in from the higher lands than the basin will naturally contain. *That is its natural outlet.*"

The facts stated in the bill and found by the master from the evidence, to which we think the foregoing principles stated apply, are, briefly:

That appellee is the owner of a farm of 160 acres, being the South ½ of S. W. ¼ of Sec. 5, and the N. ½ of N. W. ¼ of Sec. 8, Town 37, Range 4, in De Kalb county, through which

Graham v. Keene.

runs a public highway from a northeasterly to a southwesterly course.   The bill alleges that a few rods west of appellee's west line there is, and always has been, a saghole or pond, three or four rods across, into which surface water accumulates from several acres of land on the north and west of such highway, and from drains terminating therein, the natural outlet to which is and has been in a state of nature, south and southeasterly across the land of the Davis estate, thence onto the land of appellee, some distance south of the highway and into a natural ravine, depression or swale, which conducts the [water away in a natural channel; that between this pond or saghole in the highway and appellee's west line there is a natural elevation or ridge (or hog's back, as it is termed) of land, several feet in height, extending across the highway in a northerly and southerly direction, which prevents the water in such saghole from flowing in an easterly direction along such highway, and avers that the commissioners of highways, and Smith (acting under their direction), appellants, threaten to cut a ditch through this natural elevation easterly, along the north side of this highway, through which ditch to drain the water accumulating in such pond or saghole, along the north side of such highway, and discharge the same upon the complainant's land at a point where, in a state of nature, it could not flow, and at a point of discharge where there is no channel, natural or regular watercourse, leading from such point of discharge, and into and upon the plowfield of appellee, which he makes use of for tillage, thereby causing continuous and irreparable injury, etc.

It is admitted that no proceedings had been taken under the statute to ascertain appellee's damages, etc.   The answer admits the existence and location of the pond or saghole and drainage into it from land on the north and west, and admits that they intend to open the ditch, but claim, first, that the natural outflow for the water accumulating in the pond was and is easterly and along the north side of the highway; second, that in order properly to maintain the highway, the water in such pond ought to be carried on the north side of the high-

way; third, that the amount of water carried by such ditch would be small and cause no damage to appellee; fourth, deny the existence of the natural elevation or ridge; fifth, claim that a former owner permitted a ditch dug along the north side of the highway, the route in controversy, and which appellants claim the right to deepen from one foot to eighteen inches.

It appears that a large number of witnesses were examined on both sides of this contention, which testimony was reported in full by the master to the court, from which the master found, and the trial court sustained the findings upon challenge by exceptions thereto, the following facts:

*First.* That the location of the pond, and the drainage into the same of surface water from the surrounding lands and tile drain from Thompson's land, as charged in the bill, was established by the evidence.

*Second.* That easterly of such pond and near appellee's west line there exists a natural elevation, rim or ridge, extending northerly and southerly, of two, three or four feet in height, originally in which ridge or rim, near the north side of the highway, several years since, an excavation had been made by the digging and hauling of dirt therefrom, for the road and for other purposes, making the elevation less at that point.

*Third.* That some years since a turnpike road or public highway had been constructed through and across such pond, with a culvert or sluice-way across the same in a northerly and southerly direction, near the center of such pond.

*Fourth.* That the natural outlet or course of overflow water in such pond was and is in a southerly and easterly direction, first flowing upon lands belonging to the Davis estate, then upon lands of appellee, some distance *south* of the highway, into a natural watercourse, channel or run.

*Fifth.* That there exists no necessity for the construction of such ditch, for the purpose of repair or improvement of such highway.

*Sixth.* That by the construction of this ditch the water carried therein would be discharged upon lands of appellee,

used for purposes of cultivation, and at the time of suit brought were so used, and now are; that the natural condition thereof is undrained and wet, so that such additional discharge of water thereon would render such land unavailing for the purpose of tillage. That the point of discharge of such ditch upon appellee's land is where the water would not naturally flow or run, and at a point where there is no channel or natural watercourse leading from such point of discharge.

We have carefully examined all the evidence contained in this record, and are fully satisfied that the findings of facts in the master's report above stated and set forth was and is fully justified by that evidence; indeed we can not conceive how, upon that evidence, such findings could have been otherwise or different.

In our judgment the court below did not err in overruling the exception to, or the confirmation of such report, or in the rendition of the decree, and the same is affirmed.

*Decree affirmed.*