(No. 4282– 

GEORGE JOHNSTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1951.*

THOMAS A. BURNS, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

George Johnston, claimant, filed his claim herein on March 17, 1950, for damages sustained by him in loss of crops and damages to his house, as a result of the flooding of his property during the year 1949 and early 1950, which he alleges occurred as a result of the negligence of the respondent in failing to keep tile across its property free and unobstructed. The claimant was the owner of five acres located in the Northeast quarter of Section seven, Township thirty North, Range thirteen West of the 2nd P. M. situated in Kankakee County, Illinois, which land adjoins respondent's land on the west, except that they are separated by Illinois State Highway No. 49.

Claimant's lands dominant to those of respondent as regards surface drainage, and until about 1912 this area was traversed and drained by natural water course known as Little Brainard Creek. This area is also within the Gar Creek Drainage District of Kankakee County, and about 1912 the District installed an artificial water course, covered tile, across the lands now owned by claimant, and to the outlet to the Kankakee River.

Respondent laid the tile across its lands in 1912, being on the premises of the Kankakee State Hospital. The tile connected with that from claimant's lands at an inlet at the boundary of the grounds of the institution, and carried water ultimately to the Kankakee River.

Respondent's lands being servient to those of claimant, the former has a legal duty not to obstruct the flow of water from claimant's lands. *Gilman* v. *Madison, R. R. Co.*, 49 Ill. 484.

The evidence shows that such inlet is considerably lower than claimant's lands, and that, when the tile on respondent's premises is blocked, water bubbles out of the manhole at the top of the inlet and floods respondent's lands. During no part of 1949 and 1950 did water boil out of such inlet and flood any part of respondent's lands.

We, therefore, conclude that the obstruction, if any, causing the alleged flooding of claimant's land was not on respondent's lands, and any award must be denied.

An award to claimant, George Johnston, is denied.