Hugh S. Martin, Plaintiff in Error, *v.* The People of the State of Illinois, Defendants in Error.

### ERROR TO FULTON.

On a trial under an indictment for obstructing a highway, the questions, whether the road was ever worked or recognized by the public authorities, or whether the road was used as a public highway, are proper; and the answers should be admitted in evidence.

The description of the road in the indictment is material, and must be proved as laid.

The description of a road as leading from A. to B. is sufficient.

| 23 | 395 |
| 36a | 618 |
| 23 | 395 |
| 152 | 574 |
| 23 | 395 |
| 184 | 321 |
| 23 | 395 |
| 186 | 263 |

This was a proceeding by indictment in the Circuit Court of Fulton county, Bailey, Judge, against plaintiff in error, for obstructing a road in said county, claimed as a highway.

The evidence in the case is very voluminous, as are the instructions asked on the part both of plaintiff and defendant; but the facts on which the case turned are sufficiently stated in the opinion.

Ross & Stevenson, Phelps & Kimball, and Logan & Hay, for Plaintiff in Error.

Goudy & Judd, for Defendants in Error.

Walker, J.   On the trial below, plaintiff in error asked of a witness, if the road in question was ever worked or recognized

by the public authorities, by the township or the county authorities, or was by them treated as a public highway. Of another witness, he asked the question, whether the road was ever used as a public highway. To the answering of these questions the People objected, and the court sustained the objection, and to this decision of the court, the plaintiff in error excepted, and amongst others assigns it for error. The People relied upon user in the nature of a prescription to establish the right which they claimed. To establish such a right, it was incumbent upon the prosecution to show an adverse uninterrupted use for the length of time required to establish the right. If the use of the way was not by the public, but merely by a few individuals of the neighborhood, and the use was only occasional, and the township, county, or district authorities did not exercise any control over it, and failed to repair it when repairs were needed, as they did other roads in the vicinity, the jury would have been fully justified in finding for the defendant below. But if, on the contrary, the use by the public was adverse to the owner, and the road was traveled, and was repaired as other public highways, under the directions of the proper officers, for the period of twenty years, the right to a conviction was complete, if the obstruction was established. It, then, is obvious that the questions were proper, as they sought evidence that would have tended to establish the very question in controversy.

The indictment describes the road as leading from Bradshaw's mills to Bernadotte. This description is sufficiently certain to answer the requirements of the rules of pleading. But the description of the road in the indictment was material, and should have been proved as laid. Had the particular description laid in the indictment, been confined to the point of obstruction, and the allegation had been that there was a public road at that place, which led towards Bradshaw's mills and Bernadotte, then no more of the road need have been proven than was particularly described, and no more proof would have been required than would have established that description. But in this case the road was alleged to have existed between both points, and was made essential as a description, and thereby material. In the case of *Daniels* v. *The People*, 21 Ill. R. 439, there was a dispute, whether the road had been located at the point of obstruction, or on a line lateral to it. There the evidence tended to prove that the line of road which was obstructed, had been both located and used for the period of twenty years. It was in view of this conflict, as to which was the true line of road between the points of termination, that the instructions were given in that case. In that case the contest was not, whether there was a road between the points named, but as to the precise

line on which it run, and whether the obstruction was upon the line of the road. That case does not conflict with these views. In this case there is no evidence that the line of travel at this part of the road had ever run upon any other line than that obstructed, and consequently no conflict existed. This, then, rendered the sixteenth of defendant's instructions proper, and the court erred in refusing it.

In what we have said in reference to the rejection of evidence by the court, it will·be perceived that the fifteenth instruction asked by defendant below, should have been given. We are unable to perceive any objection to the defendant's nineteenth instruction, as it was asked. If the road had only been used as a private way, during the whole of the time of its enjoyment, by those who used it, they perhaps acquired a prescriptive right of way, but such a right of way could not confer upon the public a right. Such an individual right cannot be claimed and used by the public. The instruction should therefore have been given as asked.

The instructions asked are so numerous, that they burthen the record to such an extent that we find a want of time to examine them in detail, but it will be observed that all of the legal principles applicable to the evidence in the case, are embraced in a small number of them. We, however, perceive no other errors in this record.

But for those indicated in this opinion, the judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*