## ROBERT HOUSTON *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

| 63 | 185 |
| 184 | 320 |
| 63 | 185 |
| 186 | ¹263 |

1. INDICTMENT FOR OBSTRUCTING A HIGHWAY—*description.* In a prosecution under an indictment charging the defendant with obstructing a public highway, if a local description sufficient to identify and fix the precise point of obstruction is given, as well as the termini of the road, the latter may be disregarded, and proof of the existence of a road at the place of obstruction is sufficient.

2. But where the allegation is general, charging the obstruction of a road leading from one place to another, the existence of the road between the points named must be proved as a matter of essential description.

3. SAME—*proof of existence of the road as a public highway.* In such a prosecution, where user was relied on to establish the existence of the road as a public highway, the court would not permit to be answered certain questions put to the witnesses on the trial, by the defense, which were calculated to elicit evidence that the road had been changed; that there were different lines of travel; that the travel was not confined to one track; that the proper road authorities did not exercise control over or repair the road, and that there was express denial, on the part of the owner of the land, of right in the public to the use of the road: *Held,* that this was pertinent testimony as tending to show there was not a continuous and uninterrupted use of a definite line of travel, and a want of recognition of it by the proper authorities, and acquiescence by the owner of the land, which should have been admitted to be considered and weighed by the jury, in connection with all the other testimony in the case in regard to the use of the road, in order to determine the fact as to its existence as a public highway.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. DEARBORN & CAMPBELL, for the plaintiffs in error.

Mr. WASHINGTON BUSHNELL, Attorney General, and Mr. C. G. WHITNEY, State's Attorney, for the people.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an indictment for obstructing a public highway in the county of Mason, in this State, running from the town of Bath, in said county, to the town of Chandlerville, in the county of Cass, in this State.

On the trial the court gave the following instruction to the jury:

" The jury are instructed that they are only to inquire into the title of the public to that part of the road in controversy which is charged to have been obstructed; conditioned that the jury believe, from the evidence, that it is part of a road running from Bath to Chandlerville, as charged in the indictment."

This instruction was erroneous, under the authority of the cases of *Martin* v. *People*, 23 Ill. 395, and *Town of Lewiston* v. *Proctor*, 27 Ill. 414.

It was there held, that when a local description sufficient to identify and fix the precise point of obstruction is given, as well as the *termini* of the road, the latter may be disregarded, and proof that a road existed at the place of obstruction, is alone necessary.   But that when the allegation is general that a road leading from one place to another has been obstructed, its existence between the points named must be proved as a matter of essential description.

In the first named case the indictment described the road as leading from Bradshaw's mills to Bernadotte, and, it was said, had the particular description laid in the indictment been confined to the point of obstruction, and the allegation had been that there was a public road at that place which led towards Bradshaw's mills and Bernadotte, then no more of the road need have been proven than was particularly described, and no more proof would have been required than would have established that description.

There were several questions put to witnesses on the trial, which the court, improperly, we think, did not permit to be answered.

It was user on the part of the public which was relied on to establish the existence of the road as a public highway. The questions, as framed, were calculated to elicit evidence that the road had been changed; that there were different lines of travel; that the travel was not confined to one track; that the proper road authorities did not exercise control over or repair the road, and that there was express denial on the part of Houston of right in the public to the use of the road.

This was pertinent testimony as tending to show there was not a continuous and uninterrupted use of a definite line of travel, and that there was a want of recognition of it by the proper authorities and acquiescence by the owner of the land, and should have been admitted to be considered and weighed by the jury, in connection with all the other testimony in the case, in regard to the use of the road, in order to determine the fact as to its existence as a public highway.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*