## NANCY WILLEY

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Nuisance—Criminal Code—Sec. 221—Highway—Obstruction of—Acceptance—Evidence—Instructions.*

1. To establish a highway by dedication, acceptance is as essential as the offer. Nor will it be presumed from the offer, though beneficial, where it also imposes a burden, and like the offer, acceptance must be proved by some certain unequivocal act satisfactorily showing the intention.

2. The intention on the part of the owner may be manifested in writing, or by declarations, or by acts *in pais*. A survey and plat alone may suffice and there can be no doubt that the streets and alleys of an incorporated town or village, used and recognized as such by the public, are highways to be protected against obstruction in the same manner as other public roads.

3. The acceptance of an offer of dedication can be proved by a municipality, only by its own act, or that of those authorized in such matters to represent it.

4.   To establish a public duty to keep open and in repair a highway by dedication, to treat any and all obstructions of it, by any and all persons, as nuisances, acceptance must be shown by something more than travel alone.

5.   The mere fact that a highway is traveled over by whoever has occasion, or sees fit to do so, is not sufficient evidence of dedication.

6.   Upon an information charging defendant with obstructing two streets and a public alley by erecting a fence, the contention being as to whether said streets had ever been dedicated to and accepted by the public, this court holds that there is no evidence of such acceptance as the law requires, and that the verdict against the defendant can not stand.

[Opinion filed May 24, 1890.]

IN ERROR to the County Court of Christian County; the Hon. W. E. NELSON, Judge, presiding.

Messrs. A. McCASKILL, J. G. DRENNAN and F. P. DRENNAN, for plaintiff in error.

Messrs. J. C. CREIGHTON and JAMES B. RICKS, for defendant in error.

PLEASANTS, P. J.  This was an information in five counts under Sec. 221 of the Criminal Code, charging plaintiff in error with obstructing two public streets and a public alley " in the town of Willey," and also a public highway described, respectively, by erecting a fence across them.   She was found guilty on the first three relating to the streets and alley; and motions for a new trial and in arrest having been overruled, judgment was entered on the verdict, imposing a small fine and ordering the abatement of said nuisance.

In May, 1870, a plat of the town was made in the name of Israel Willey, who then was, and until his death in 1872 remained in possession as owner of the land, excepting five or six of the lots, which he had meanwhile conveyed to different parties by description according to the plat.   The plat, however, was never recorded.   He devised all his real estate to his five sons, one of whom, W. H. H. Willey, having acquired the interest of the others, in January, 1876, caused another survey and plat to be made, which was like the first, and being certified and acknowledged, was recorded on the

7th of February. On that day also he acknowledged a deed dated on the 4th from himself and wife, of two lots described according to said plat.

The town as platted is located on a small triangular tract bounded by the east and south lines of the section (which is Sec. 6, in T. 13 N., R. 1 W. of the 3rd P. M.) and the grounds of the W., St. L. & P. Railroad. It consists almost wholly of two fractional blocks (2 and 3) of twelve lots each, and two streets. Front street, thirty feet in width, runs northeast and southwest, parallel with and adjoining the railroad grounds. Lincoln street sixty feet in width, is at right angles with it, commencing opposite the station and running southeast to the corner of the section, where it intersects a public highway. It separates the two blocks. The alleys are parallel with Front street. Six or seven buildings were erected on these lots, including a blacksmith shop, and a store in the westerly block, fronting on Front street, in which a post-office has been kept for fifteen years, and a school house on the other, south of the alley. It does not appear that any has been erected since 1876, and we infer that the proprietor of the town purchased some of the lots that had been sold by his father, since he conveyed to plaintiff in error, in January, 1880, the S. $\frac{1}{2}$, S. E. $\frac{1}{4}$ and the S. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of said section, and "also the town of Willey, situated on said lands, except lots 1, 7, 8 and 9 of block 2, and lot 1 of block 3, in said town." Lot 6 of block 3, which had been previously conveyed to Charles Hall, and lot 5, on which is the school house, are not excepted. There is nothing in the location of the buildings nor in anything else on the land to indicate the location or existence of any street. More than half of Front street as platted, the whole length of which is only about 900 feet, and nearly half of Lincoln, the whole length of which is only about 420 feet, were never used for travel. Almost all of the business of the place was done at the store and post-office, which was on Front street. In order to reach it, of course, it was necessary to use that part of the street which was immediately in front of it. Travel from the west would also naturally use that part which was west of it. But the east part

was covered by an orchard and evergreens, so that travel from
that direction came by the highway on the section line to Lin-
coln street and then on that street as far as the alley, a distance
of little more than half a block, where it turned more west-
erly, across the open lots 10 and 11 of block 2, to Front street
just east of the store.

It is conceded that the town or village of Willey was never
incorporated.    Plaintiff in error lived on block 3.    According
to the evidence, she built a fence across both the streets, but it
is not clear that it touched the alley.    The defense she set up
was that these streets and the alley were not public highways;
and the sole ground on which the prosecution claimed they
were being their alleged dedication, the only question of fact
was whether they had been dedicated.

In this connection, the term dedication is sometimes used to
signify the act of the proprietor alone, constituting his offer
to the public, and which, until accepted, is only an offer (Lit-
tler v. City of Lincoln, 106 Ill. 369) and may be revoked,
unless private rights have intervened (Lee v. Town of Mound
Station, 118 Id. 304), and at others to include also that of the
beneficiary, constituting its acceptance.    But to establish a
highway by dedication, acceptance is just as essential as the
offer.    Ill. Ins. Co. v. Littlefield, 67 Ill. 368 and cases there
cited.    Nor will it be presumed from the offer, though bene-
ficial, where it also imposes a burden.    Littler v. City of
Lincoln, *supra;* Hamilton v. C., B. & Q. R. R. Co., 124 Ill.
243.    It must therefore be proved, like the offer, by some
unequivocal act, satisfactorily showing the intention.    Grube
v. Nichols, 36 Ill. 92; Fisk v. Town of Havana, 88 Ill. 208.

The intention on the part of the owner may be manifested
in writing, or by declarations, or by acts *in pais.*    A survey
and plat alone, may suffice.    Smith v. Town of Flora, 64 Ill.
93; Maywood Co. v. Village of Maywood, 118 Ill. 69.    And
there can be no doubt that the streets and alleys of an unincor-
porated town or village, used and recognized as such by the
public, are highways, to be protected against obstruction in
the same manner as other public roads.    Leech v. Waugh,
24 Ill. 229.

It may be conceded that W. H. H. Willey offered to dedicate the streets and alley here in question, and that he and those claiming under him, would be estopped to deny that they are public highways, as against the purchasers of lots described according to the plats and those claiming under them.   His recognition of his father's plat and deeds according to it, and his own plat and deed according to it, imply a covenant to the purchasers that the streets and alley, as platted, shall forever be opened to the use of the public. Zearing v. Raber, 74 Ill. 409; Gridley v. Hopkins, 84 Ill. 528. It may therefore be that plaintiff in error, by her acceptance of her deed and her payment of taxes assessed upon her "lots" as shown, would be so estopped as against them.

These, however, were acts of private persons, which could not, of themselves, affect any right or duty of the public. They are not to be regarded as evidence of its acceptance of the offer of dedication.   That can be proved only by its own act or that of "those authorized in such matters to represent it."   In Hamilton v. C., B. & Q. R. R. Co., *supra*, the Supreme Court said:   "The fact that the lots in the subdivision were assessed as such, does not show an acceptance," and cite approvingly a Michigan case in which it was held, that "the assessing officers do not represent the public for the acceptance of dedications."

In Gentleman v. Soule, 32 Ill. 280, it was said: "The acceptance must also appear, and when the public are the donees of the easement, that is usually manifested by acts, such as taking charge of and repairing the highway, by the proper county, or town authorities."   Since the town of Willey was never incorporated, if the streets and alley platted were public highways, they would have been under the care of the commissioners of highways, like "other public roads." Leech v. Waugh, 24 Ill. 230.

In Grube v. Nichols, 36 Ill. 92, it was said: "And to make a sufficient dedication, the owner of the soil must devote the right of way to public use, and it must be accepted and appropriated by the public to that use by travel, and a recognition as a public highway by the proper authorities, by repairs or

otherwise. But when a dedication is relied upon to establish the right, the acts of both the donor and of the public authorities should be unequivocal," etc.

In Ill. Ins. Co. v. Littlefield, 67 Ill. 368, the court say: "There is no proof this supposed dedication was ever accepted by the public, acting by the proper authorities. Acceptance is essential." In Town of Princeton v. Templeton, 71. Id. 71, the court use the following language: "To constitute a dedication, the owner of the property must intend to make the gift, and it must be accepted by the public authorities." In Fisk v. The Town of Havana, 88 Ill. 209–10, the court repeat the language above quoted from Grube v. Nichols. In Forbes v. Balenseifer, 74 Ill. 187, it was said that "an acceptance can be evidenced by the public officers taking charge of the road and repairing it at public expense, or, where it needs no repair, by placing it on the map of roads for the proper district, and its being used by the public. But mere travel by the public is not evidence of an acceptance." And, further, "there is no evidence that the public accepted the dedication, if one had been intended. The evidence only shows that other persons than the parties occasionally traveled over the road. And the instruction failing to inform the jury what was necessary to constitute a dedication and its acceptance, they may have concluded, and probably did conclude, that the travel by the public was an acceptance, and was all that was required to create it a public highway."

In Littler v. City of Lincoln, 106 Ill. 368, the court say: "It is not essential that there should be any prescribed formal act of acceptance, but there must be user, or some other act indicating acceptance, by those authorized in such matters to represent the public, to complete the dedication."

In Hamilton v. C., B. & Q. R. R. Co., 124 Ill. 235, it was declared to be "well settled, that at common law, to make a complete dedication, there must be acceptance—not any formal act of acceptance, but that there must be user, or some other act indicating acceptance by the public authorities." See also, Eyman v. The People, 1 Gilm. 9; Alvord v. Ashley, 17 Ill. 369; Town of Lewiston v. Proctor, 27 Ill. 413.

We understand these cases to hold that where it is sought to establish by proof, the dedication of such a highway as would devolve upon the municipality within which it is located the burden of maintaining it, its acceptance must be shown by some act of the municipality itself, or of its officers or agents authorized to represent it in that behalf, and that the mere fact that it was traveled by whoever had occasion or saw fit so to do, is not sufficient evidence of it. It is true that in Marcy v. Taylor, 19 Ill. 633, Mr. Justice Walker, delivering the opinion of the court, said : " Acceptance may be shown by user by the public, as by travel, or by the acts of the public officers in repairing and keeping it up;" that " it can not be essential to the acceptance that they should repair the road, for it might never require repairs. Any other act on the part of the public which manifests an intention to accept, such as public travel and use as a highway, is as satisfactory evidence of acceptance as repairs by the officers."

That, however, was an action of trespass *quare clausum*, for taking down a fence which the defendant claimed was in a highway. And in other cases between individuals, as in trespass and ejectment at law, and upon bills in equity to restrain encroachment, similar language has been used. The owner of land who has unequivocally dedicated it to public use, and privies in estate, should be estopped to deny the right of individuals who have so used or are so using it, by his deed to them recognizing the plat or other act of dedication, or by their actual use of it alone. Otherwise the dedication would be a trap. But a distinction is made between cases of that character and those in which the public, as a body, claim or are required to establish its right by dedication. As between the parties in the former, that is, as against the owner and those claiming under him, the land in question may be a public highway for all the purposes of the suit and for all other purposes, as to the individual so claiming, and yet not a highway so accepted by the public as to bind the municipality to the duty of repairing and maintaining it. Thus in Zearing v. Raber, 74 Ill. 411, the court say: " It is unimportant whether the public have so far accepted the dedication as to be bound

to keep the street in repair, since the question involved is simply one of private right. * * * If appellee is entitled to have the street kept open for use, it will be sufficient." In Hamilton v. C., B. & Q. R. R. Co., 124 Ill. 247, it is said: "There might well have been private rights, in respect to streets, in grantees, of conveyances made under the plat, although there may have been no complete dedication of the streets to the public by an acceptance of the proffered dedication." In Littler v. City of Lincoln, 106 Ill. 369, the court said: "And so until acceptance by the municipality, although the owner is estopped to deny the dedication whenever private rights intervene, the act of the owner in platting, etc., is in the nature of a mere offer to the municipality. Until the municipality accepts, it can not be bound, by mandamus or otherwise, to open or improve the streets, and until then it necessarily can have no right in the streets, as trustee or otherwise." In People, etc., ex rel. v. Commissioners of Highways, 52 Ill. 501, which was a petition for mandamus to compel the commissioners to ascertain, describe and enter of record in the town clerk's office a certain road, the court below had refused the following instruction asked by the respondents:

"The voluntary use of a way by the public with the assent of the owner of the soil, is not, of itself, sufficient to make it a public highway, and impose upon the proper public authorities the duty of repair;" and on the other hand gave one for the people to the effect that it was not necessary to prove the town authorities had recognized said road as a public highway, in reference to which the Supreme Court said: "In its ruling on these instructions, we think the court erred. In a question of dedication of a right of way, as between the owner and the public, the recognition of a road by the county or town authorities as a public highway, would, of course, not be necessary. As against the owner, the acceptance of the dedication may be by the general public, which can manifest its acceptance by using the road, and thus acquire a right of way. But in a proceeding of this character, the object of which is to impose upon the town the expense of building

bridges and keeping roads in repair, the question whether the
county or town has ever recognized such an obligation in refer-
ence to the road in controversy, goes to the very merit of the
case.  *  *  *  The owner of land can easily estop himself by
laying out and dedicating a road, and having more or less per-
sons use it in behalf of the public, but we can not hold that a
municipality may thus have a highway thrust upon it for
improvement and repair against the wishes of its proper
officers and of a great majority of its people."

While it may be the law, then, that as against the owner of
the land and those in privity of estate with him, a sufficient
acceptance of the offer of dedication may be shown by travel
alone, we think the clear weight of authority is, that to estab-
lish a public duty to keep open and in suitable repair a high-
way by dedication—to treat any and all obstructions of it
by any and all persons as nuisances—acceptance must be
shown by something more or less.   In the case last cited, 52
Ill. 502, the court approved the rule declared in 2 Greenl. on
Ev., Sec. 662, that "it does not follow, because there is a
dedication of a public way by the owner of the soil, and the
public use it, that the town or county is, therefore, bound to
repair.   To bind the corporate body to this extent, it is said
there must be some evidence of acquiescence of adoption by
the corporation itself.   Such as having actually repaired it,
or erected lights or guide posts thereon, or having assigned
it to the proper surveyor of highways for his supervision, or
the like."

The information here rests upon the ground that the
platted streets and alley in question are public highways as
against anybody who obstructs them, established as such for
all purposes to the fullest extent by dedication and acceptance,
and which, therefore, the public are bound to protect and
maintain.   But there was no evidence of any such acceptance
as in our opinion the law requires.   The defense offered a
number of commissioners and ex-commissioners of highways
of the township, to prove that these alleged highways had
never been opened, worked, repaired, or in any way recog-
nized by the highway officers; but the court refused to admit

that evidence. That it was proper, was expressly held in Martin v. The People, 23 Ill. 395. If its exclusion in this case was not harmful, it was only because the prosecution did not claim or pretend that they had ever been so treated or recognized. It relied wholly and solely on the fact that they had been traveled. The proof is, that short as they were they had never been traveled their whole length. Nor does it appear that any part had been traveled by anybody, with the understanding and for the reason that they were highways, or were supposed to be such. The defendant and the man who built the fence for her testified that they did not know, and there was nothing on the ground to indicate their location or extent, or any appearance of a street or alley; and no witness pretends that there was. But mere travel, however well proved, we hold to be insufficient evidence of the requisite dedication. The first instruction given for the people was, therefore, erroneous. It does not require even proof of travel, but holds the recorded plat and sale of lots according to it, to be enough. And the second also, as it requires nothing more, except proof that "said streets and alleys were used by the public." We see no reason for the refusal to give the instructions numbered 2, 3, 5, 6, 7, 10, 11 of those refused, except that some were substantial repetitions of others; but no equivalent for any or either of them was given. These errors in respect to the instructions should reverse the judgment, if there was evidence tending to show an acceptance by the public of these streets and the alley. But we think there was no such evidence, and understand that none such can be produced.

For the reasons indicated, the judgment will be reversed.

*Judgment reversed.*