[No. 13612.   Department One. — January 23, 1891.]

# H. W. LATHAM, RESPONDENT, v. THE CITY OF LOS ANGELES, APPELLANT.

PUEBLO LANDS — GRANT — ACTION OF PUEBLO AUTHORITIES — PRESUMP-
TION. — The presumption attaches to a grant of lands by the ayuntami-
ento of a pueblo to a private person, who has been put in possession by
the alcalde, that the authorities of the pueblo acted within the limits of
their official authority in making the grant.

ID. — PUBLIC PLAZA — PUBLIC USE OF VACANT LAND — EVIDENCE. — The
presumption attaching to the grant of pueblo lands is not overcome, nor
is it sufficiently established that the land granted was a public plaza at
the date of the grant, by mere evidence that before the grant the land
was vacant, and was used by the owners of adjacent lots in going to and
from their lots, and that upon certain days the public would use it as a
place for public amusements.

ID. — DEDICATION — GIFT OR ABANDONMENT TO PUBLIC — INTENTION OF
OWNER — EVIDENCE — NON-ASSERTION OF RIGHT. — To show a dedica-
tion of land by the owner as a public plaza, without any conveyance,
and merely by way of gift or abandonment, the intent of the owner to
make the dedication should be clearly proven by evidence of his express
declarations, admissions, or affirmative acts, or of circumstances estab-
lishing his purpose or intention to donate the use to the public; and the
mere non-assertion of a right, without such evidence, does not establish
a dedication.

ID. — PETITION FOR EXCHANGE OF LANDS — ADMISSION OF DEDICATION. —
A petition by the owner of land granted by the authorities of a pueblo,
praying for "an exchange or indemnification for certain lands belonging
to her, and now occupied by the public, being the lot at the entrance of
Negro Alley into the public square," is not an admission of a dedication to
the public of the land sought to be exchanged; and the action of the city
council directing a concession to be made to her of other land is not con-
sistent with a claim that the land proposed to be exchanged then be-
longed to the city.

ID. — CONCESSION OF EXCHANGE — FAILURE OF CONSUMMATION — NON-
DELIVERY OF DEED — RECONVEYANCE BY CITY. — The action of the city
council directing a concession to be made to the owner of other land, in
accordance with which a deed was drawn up and signed by the mayor
conveying a certain lot, is not sufficient evidence of the consummation
of the exchange contemplated, there being no proof of the delivery of the
deed, and it appearing that the lot so deeded was subsequently conveyed
by the city to a third person.

APPEAL from a judgment of the Superior Court of
Los Angeles County, and from an order denying a new
trial.

The action was brought by the plaintiff against the city of Los Angeles and one L. M. Bigelow, to quiet title to certain land in the city of Los Angeles. By a stipulation filed in the lower court, the only portion of the property described in the complaint of which the title was litigated was a lot known as the "engine-house lot," to which the plaintiff claimed title under a grant from the former pueblo. The acts and documents of the pueblo authorities upon which the plaintiff based his title to this lot consisted of a petition of Juan B. Leandry dated March 4, 1836, addressed to the ayuntamiento, as follows:—

"*Most Illustrious Ayuntamiento,* — Juan Bautista Leandry, according to law, before your honors, respectfully represents that, desiring to have the necessary security to prove the ownership that. is his in the house wherein he dwells and the lot whereon it is built, I petition your honors to grant me the title of possession of the land I occupy, and also that which is vacant in front of the houses, that of Don Francisco Sepulveda and that which Don Abel Stearns now occupies, to the street in front of the same.

"On common paper for lack of sealed."

"Angeles, March 4, 1836. "JUAN B. LEANDRY."

An order of the ayuntamiento of March 10, 1836, referring the petition to the committee on police, as follows:—

"Angs., March 10, 1836.

"The foregoing petition presented to the very honorable ayuntamiento, in session of to day, it ordered that it pass to the committee on police.

"MANUEL REQUENA, Pres. [Rubric.]

"NARCISO BOTELLO, Sec'y. [Rubric.]"

The report of the committee on police of April 27th, as follows:—

"Angs., April 27, 1836.

"*Very Illustrious Ayuntamiento,* — The committee on police have examined the land which the Señor Juan

Bta. Leand*re* asks for, and they found no reason which it might not be conceded him.   Also the title of owner-ship which this petition cites.

> " ABEL STEARNS.
> "JOSE MA HERRERA.   [Rubric.]
> "BACILIO VALDEZ.   [Rubric.]"

The minute entry of the proceedings of the ayunta-miento of April 28, 1836, as follows: —

> " Angs., April 28, 1836.

"The foregoing report presented in session.of this to the honorable ayuntamiento of this city, it was approved. Wherefore the town attorney will proceed to place the interested party in possession, respecting the order and harmony of the streets.   The party interested subject to the disposition of the superior authorities upon this matter.        " MANUEL REQUENA, Pres.   [Rubric.]
" NARCISO BOTELLO, Sec'y.   [Rubric.]"

And the entry in the city archives dated December 17, 1836, as follows: —

" In the city of Los Angeles, on the seventeenth day of December, 1836, I, Manuel Requena, first constitu-tional alcalde of this city, according to that ordered by the illustrious ayuntamiento, I went, together with my assisting witnesses, to give the possession that this expe-diente prescribes in favor of Don Juan Bautista Leandry, and the house belonging to him in which he dwells, measuring 24 varas north to south, and $36\frac{1}{2}$ east to west, and also the vacant land which is in front of said house, measuring 37 varas to the north, and $23\frac{1}{2}$ east and west, of which land the said Don Juan Bautista Leandry remains in possession; and that it so appear and serve him as title of possession, I make the present proof, signing it with the assisting witnesses with whom I act for lack of a clerk, on this paper for lack of a proper kind.                [Signed]   MANUEL REQUENA."

The further facts are stated in the opinion of the court.

*Bearden & Daly,* and *C. McFarland,* for Appellant.

*Johnston & Borden,* and *Chapman & Hendrick,* for Respondent.

DE HAVEN, J. — This is an action by the plaintiff, Latham, against the defendants, the City of Los Angeles and one L. M. Bigelow, to quiet title to certain tracts of land in the city of Los Angeles, but by stipulation between the plaintiff and the said city — filed in the court below — the only portion of the property described in the complaint now in litigation is the lot known as the engine-house lot.

There was also a stipulation entered into between the plaintiff and the defendant Bigelow, by which it was agreed, in addition to other matters, that the plaintiff and said Bigelow were "equally interested, and held in equal and undivided parts the lot known as the engine-house lot."

The judgment of the court below was to the effect that the plaintiff and said defendant Bigelow are the owners in equal shares of said engine-house lot, and that the city of Los Angeles has no right in or title to the same.

The defendant city moved for a new trial, which was denied, and from the judgment, and the order denying its motion for a new trial, appeals. The appeal is from the whole judgment, and the defendant Bigelow has not been served with notice of appeal.

The findings support the judgment.

The plaintiff deraigns title through a grant or order made by the ayuntamiento of the pueblo of Los Angeles to one Leandry, and the possession given him by the alcalde in pursuance of such order.

That the pueblo had authority to make the grant of the land in question to said Leandry, if it was a house lot, is not questioned, but it is claimed — as we under-

stand the contention of appellant — that the grant is
void for uncertainty, and for the further reason that,
prior to the alleged grant, which was in 1836, the land
in question had become a public plaza, or street, and for
that reason could not be granted for private purposes.

We think, however, that the petition and the orders
made by the authorities of the pueblo thereon, and the
report of the alcalde describing the land, of which he
had given Leandry possession by order of the ayunta-
miento, when read together, as they must be, are suffi-
ciently definite, and that the calls therein embrace the
land in controversy was shown upon the trial by uncon-
tradicted extrinsic evidence.   Nor is the evidence suffi-
cient to show that at the date of this grant the lot in
controversy was a public plaza, and therefore beyond the
authority of the pueblo to grant.   It does appear that it
was vacant, and that it was used by owners of adjacent
lots in going to and from such lots; but it is not shown
that such lots were granted, with reference to this lot,
as a plaza, or that it ever had been in any manner set
apart or recognized by the authorities as a plaza.   It is
also shown that upon certain days the public would use
it as a place for celebrating and for other public amuse-
ments.   But all of this only shows that, being vacant
and unoccupied, it was used as any other vacant land
might have been, and is not sufficient to overthrow the
presumption that the authorities of the pueblo of Los
Angeles acted within the limits of official authority in
making to Leandry the grant or concession in question.
That such presumption attaches to the grant we are con-
sidering is the effect of the decisions of this court in
*Cohas* v. *Raisin*, 3 Cal. 453; *Payne* v. *Treadwell*, 16 Cal.
220.

We cannot say that the evidence in this case is such
that the trial court must necessarily have found that
since said grant Leandry, or any of those who have suc-
ceeded to his title, dedicated the lot in question to the

public as a plaza; and such being the state of the proof, we do not feel authorized to set aside its finding upon this point. When it is sought to show that an owner has, without a conveyance, divested himself of title to land in favor of the public, by way of gift or abandonment, the proof ought to be such as to clearly show that such was the owner's intent.

In *Grube* v. *Nichols*, 36 Ill. 92, it is said: "The intention to dedicate is a vital, controlling element in such a grant. A dedication is not an act of omission to assert a right, but it is the affirmative act of the mind of the donor. It arises from the active and not the passive condition of the mind of the owner. The mere non-assertion of a right does not establish a dedication, unless the circumstances establish the purpose or intention to donate the use to the public."

There is no evidence in the record of any express declaration or admission by Leandry, or any successor in interest, showing that such dedication was made.

The petition of Mrs. O'Campo praying for "an exchange or indemnification for certain lands belonging to her, and now occupied by the public, being the lot at the entrance of Negro Alley into the public square," supposing it to refer to the land in controversy, is not an admission that the same had been dedicated to the public. It is rather an assertion of her right to it and willingness to either accept pay for it, or an exchange of other lands; and the action of the city council directing a concession to be made to her of other land, in accordance with her petition, is not consistent with the claim now made, that the lot in controversy was then the property of the city.

It would appear, from the evidence, that, in accordance with this resolution of the city council, a deed was drawn up and signed by the mayor, conveying to Mrs. O'Campo a certain lot in the city of Los Angeles. But whether this was actually delivered to her does not so

clearly appear. It was, however, delivered to one Olvera, supposed by the mayor to be her agent. But the deed itself was not produced, nor any witness who had ever seen it in the possession of Mrs. O'Campo, and it was admitted that subsequent thereto the city had conveyed the same lot to another. We cannot say from this evidence that the exchange contemplated by the petition of Mrs. O'Campo and the city council was ever consummated. And in this connection it may be added that the testimony shows that the first public act by which the city attempted to assert dominion over the lot in controversy was by building the engine-house, which was in 1884.

The conclusion which we have thus reached upon the merits makes it unnecessary to determine whether the failure to make the defendant Bigelow a party to this appeal entitles the respondent to a judgment dismissing the appeal, and upon this point we express no opinion.

Judgment and order affirmed.

Harrison, J., and Paterson, J., concurred.