## LEWIS GRUBE

### v.

## DAVID NICHOLS.

1. HIGHWAY — *how right acquired by the public.* A public highway may be acquired by condemnation under the statute, by grant from the owner, and after twenty years user by the public a grant will be presumed; and by

dedication to and acceptance by the public, which may be inferred from travel by the public, and repairs by the proper public authorities.

. 2.   INSTRUCTION — *should inform the jury as to the law.*   An instruction which ignores all of these modes of acquiring the right of way, and informs the jury that the public may acquire such a right, simply by the public having traveled over the ground for eight or nine years without objection, is erroneous, and should not have been given.   Such an instruction takes from the consideration of the jury the question, whether the owner of the soil intended to dedicate the road, or whether the public had accepted it if he did.

3.   SAME.   An instruction which simply informs the jury, that if the road is proved they should find for the plaintiff, in a suit for its obstruction, is errone-ous, as it must be proved to have been obstructed, before such a recovery can be had.

4.   SAME.   It is objectionable in framing an instruction, to select an isolated fact in the evidence, and call the special attention of the jury to its considera-tion, as it tends to give such fact an undue importance, and to lead the jury to underrate other facts; still if such an instruction is given, the court would not reverse for that reason alone.

5.   HIGHWAY — *abandonment, what amounts to.*   Where it appears that the public have ceased to travel a road, and have acquired another which accom-modates public travel, a jury would be warranted in presuming an abandonment of the first road.   And it is error to instruct the jury that the new road must accommodate the public equally as well as the former road.   Whether it does or not is for those having charge of public roads to determine.

APPEAL from the Circuit Court of Bureau county; the Hon. M. E. HOLLISTER, Judge, presiding.

This was a *qui tam* prosecution, commenced before a justice of the peace of Bureau county, by David Nichols against Lewis Grube, and a number of other persons, to recover the penalty given by law, for obstructing and continuing to obstruct a pub-lic highway, after being requested to remove the same, by the road commissioner of the town.   On a trial had before the jus-tice of the peace, plaintiff recovered a judgment for the sum of twenty-five dollars, and costs.   Grube removed the cause to the Circuit Court by appeal, and a trial was afterwards had in that court, before the judge and a jury, at the December term, 1864.

On the trial, plaintiff introduced evidence tending to prove the location of a public road at the place of obstruction, by the county authorities, several years before the complaint was

made. He also introduced evidence tending to prove that the public had traveled the way claimed to be a public road, for seven or eight years, and that the proper public officers had worked and repaired the road during that time, and it was not shown that Grube objected to the use of the road by the public, where it passed over his land, during that time.

Grube introduced evidence tending to prove that this road had been abandoned by the public officers having charge of roads, and that a new road had been adopted by them, for the use of the public. After hearing the evidence, the court gave for the plaintiff, amongst others, these instructions:

4. If the jury believe, from the evidence, that a public road was staked or laid out from LaSalle to Grand de Tour in 1847; that it was used by the public as a road until it was obstructed by the defendant; that while so used it was worked and kept in repair by the proper public authorities, and that the owner or owners of the land over which said road passed assented to such use; then such road is a legal public highway; and in determining the question of assent, the jury may infer such assent from the acquiescence of the owner or owners in such use of their lands, if it appear from the testimony that they did so acquiesce.

13. The jury are instructed that the plaintiff is at liberty to rely upon the establishment of the road in question, either by the record or by dedication, as he may see proper, and although the road in question may be called the State road, still it is proper for the plaintiff to establish the same by dedication; and if the jury believe, from the evidence, that the plaintiff has established the road in controversy by dedication, then they must find for the plaintiff, notwithstanding the road is called the State road, and notwithstanding there is no record evidence of the same.

The defendant asked a large number of instructions, a portion of which the court refused to give, which are as follows:

4. The fact that the defendant fenced out the road in question, through a tract of land owned by him in the town of Clarion in said county of Bureau, is no evidence that he

intended to dedicate to the public the land over which said road passes, through another tract of the defendant's land in the town of Westfield, where he fenced up said road very shortly after he became the owner of it, if such is the evidence before the jury.

The court also qualified the tenth instruction asked by defendant, before it was given, which, with its qualification, appears in the opinion of the court. To the giving of plaintiff's instructions, and the refusal or modification of defendant's instructions, he at the time excepted. The jury found a verdict for the plaintiff for $75. Defendant entered a motion for a new trial, which was overruled by the court; an exception was taken, and the court rendered a judgment on the verdict. Defendant thereupon brings the case to this court by appeal, and seeks a reversal of the judgment of the court below. And the question considered by the court was, whether the court erred in giving plaintiff's instructions; in refusing and modifying defendant's instructions.

Messrs. STIPP & GIBBONS, and Messrs. ECKELS & KYLE, for the Appellant.

Mr. J. I. TAYLOR, for the Appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a prosecution instituted before a justice of the peace, for the recovery of a penalty for the continuance of an obstruction to a public highway. The disputed questions relate alone to the location or legal existence of the road. The evidence was voluminous, and was, as is usually the case, not free from contrariety, when the question relates to the location or dedication of a public highway. What it proved was a question belonging to the jury to determine, under proper instructions given by the court. Those given in this case are numerous, and the giving of a portion of those asked by appel lee, it is insisted, was erroneous and calculated to mislead the

jury. ·In the view we take of this case, we deem it unnecessary to consider any other questions, and shall therefore confine ourselves to their consideration.

The plaintiff's fourth instruction informed the jury, that if it appeared from the evidence that a public road was staked or laid out; was used by the public as a road until it was obstructed by defendant; that while so used it was worked and kept in repair by the proper public authorities, and that the owner or owners of the land over which it passed assented to such use, then such road is a public highway. We are aware of but three modes in which a public highway may be established. First, in the mode provided in the statute, by condemnation; secondly, by grant, which may be established by producing the deed making the grant, or by long-continued user, which implies a previous grant, which must have been for twenty years or more; and thirdly, by dedication to public use by the owner of the soil. This instruction adopts neither of these modes, but rather seems to declare that a portion only of the requisites of all will suffice.

This instruction fails to inform the jury, that it was necessary for the road to have been staked or laid out by persons acting under and conforming to legal authority and requirements. These were prerequisites to its validity. The user referred to is insufficient, because the instruction does not require twenty years use, and there being no proof of use for that length of time, it would have been unsupported by evidence to have limited it to that period. This then failed to create a road by grant or prescription. And to make a sufficient dedication, the owner of the soil must devote the right of way to public use, and it must be accepted and appropriated by the public to that use by travel, and a recognition as a public highway by the proper authorities, by repairs or otherwise. But when a dedication is relied upon to establish the right, the acts of both the donor and of the public authorities should be unequivocal and satisfactory of the design to dedicate on the one part, and to accept and appropriate to public use on the other. This instruction announces no such principle. The facts re-

ferred to in the instruction may be such as to warrant the jury in finding the existence of a road, but it fails to inform them how a road may be created in each or either of the three modes. This it should have done, and then left the jury to say whether the road had been established. We think this instruction was calculated to mislead the jury, and should therefore have been modified before given, or otherwise refused.

The seventh of plaintiff's instructions is subject to the same objections. It announces, as a rule, that the public acquires a right to a highway, simply by the owner of land permitting the public to use a passway over it for such a length of time as would produce inconvenience to the public by its obstruction. This instruction wholly ignores each of the modes by which we have seen that the public right may alone be acquired, and announces an entirely different mode. Again, the first clause of the eleventh of plaintiff's instructions is objectionable. It asserts that if the road has been traveled by the public and worked by the authorities for eight or nine years, such fact raises a presumption that the same is a legally established highway. These facts, of themselves, do not create such a presumption. To so hold would shorten the period for a prescription from twenty to eight years. Such a rule has never been announced, so far as we can find, by any adjudged case. The rule thus announced does not seem to have been qualified by any other portion of that, or by the other instructions.

The remaining portion of that instruction informs the jury that they may infer a dedication from specified acts. This portion of the instruction took from the jury the question whether the acts referred to were done with the intention of dedication. The intention to dedicate is a vital, controlling element in such a grant. A dedication is not an act of omission to assert a right, but it is the affirmative act of the mind of the donor. It arises from the active and not the passive condition of the mind of the owner. The mere non-assertion of a right does not establish a dedication, unless the circumstances establish the purpose or intention to donate the use to the public. Whether the evidence referred to in this instruction established

an intention to dedicate, by the owner, and an acceptance by the public and its officers, was a question for the jury alone to determine, yet this instruction seems to withdraw it from their consideration.

The thirteenth of plaintiff's instructions seems entirely to ignore the necessity to establish the fact of obstruction before a conviction can be had. It asserts, that if the road is proved to exist, the plaintiff was entitled to recover. It was equally essential that the continuance of an obstruction should be proved, as that a legally established road should have been shown to exist. The failure to prove the existence of either fact must defeat a recovery.

The instruction number four, asked by defendant and refused by the court, asserted a correct principle, and had there been no other evidence on the question of dedication, would have been proper and free from objection. But it is not the best mode of instructing the jury, to select an isolated fact, from other proof on the same point, and say to the jury, that it is ·not sufficient to warrant a recovery or to constitute a defense. The jury have a right, and it is their duty, to consider all of the evidence on a point material to the issue, and determine what the evidence, as a whole, establishes, but it is calculated to confuse to select one of many facts tending to the same point, and say to the jury that it proves or fails to prove a particular fact, and when such an instruction is refused, the court will not, for that reason, reverse the judgment.

The court refused to give defendant's tenth instruction, as asked, which was this: " If the jury believe, from the evidence, that the public acquiesced in the obstruction placed in the road in question by the defendant, and that the public accepted the town road, spoken of by the witnesses as the north and south road, in lieu of the road in question, and that the public had the legal right to use said substituted road, and did use said road, then the public have waived their rights in the defendant's land at said point of obstruction, and the plaintiff is not entitled to recover." The court, however, qualified it by adding: " Provided the jury believe, from the evidence, that

the 'north and south' road answered the same objects as the road in controversy." This court, in the case of *Champlin* v. *Morgan*, 20 Ill. 183, announce the rule, that if the public have acquired the legal right to another road to answer the purpose of the road charged to be obstructed, and have acquired the use of such road, it amounts to an abandonment of the road alleged to have been obstructed. The instruction as asked presented the law fairly to the jury.

It was not a question for their determination, whether the substituted road served the public convenience as well as the one obstructed. The public authorities having charge of highways are invested with the right to judge of the relative advantages of the two roads. If they believe that the one substituted for the other was preferable, then that was sufficient. It was for them, and not the jury, to determine that question. If the public had acquired a new, and abandoned the old road, we can see no reason why the public should not be required to take the same steps to reinvest themselves with the right to again use the old road, as was required for its location and establishment in the first place. The adoption of a new road, and the abandonment of the old one, may not, and could hardly be expected to, so fully accommodate a portion of those who use it, as the old one, yet others, no doubt, would be better accommodated by the change. Thus the general object of the two roads would be the same, and the public authorities are the judges of whether it has been attained. The question for the consideration of the jury is, whether the change has been in fact made, and not the utility of the change. For the errors above indicated, the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*