## THE TOWN OF PRINCETON

*v.*

## LEONORA W. TEMPLETON *et al.*

1. DEDICATION—*of street, by plat of subdivision.* Where the owner of a lot of land abutting on a public street subdivided the same into lots, and between the street and the lots, as marked on the plat, there was a gore or strip of land separated from the street by a dotted line: *Held,* that this was not a dedication of the gore to the public as a part of the street.

2. SAME—*requisites.* To constitute a dedication, the owner of the property must intend to make the gift, and it must be accepted by the public authorities.

3. SAME—*by deed with condition.* If town authorities accept a deed of land for the widening of a street upon the condition that the street, or a portion thereof, shall be altered so as to make it of the same width, and if not, that the land shall revert, etc., and the change is not made, they will be estopped to claim the land, unless they can show they have since acquired the same in some other mode.

4. Same—*evidence against same by proceeding to condemn.* Where public authorities take legal steps, upon petition, to take a strip of land to widen a street, and appoint commissioners to assess damages, etc., this will be an admission that will estop them from claiming a prior dedication.

Appeal from the Circuit Court of Bureau county; the Hon. Edwin S. Leland, Judge, presiding.

This was a bill in chancery, filed by Leonora W. Templeton, Ferdinand Horton and Thomas M. Woodruff, wardens, and Edward Harris, L. R. Jerome and Levi Allen, vestrymen of the Church of the Redeemer, against the town of Princeton, to restrain and enjoin the town from removing certain fences, etc., to widen Peru street, under a claim of a dedication by a former owner of the land proposed to be taken.

By the original plat of the town of Princeton, the lot in dispute contained 37 acres, and was bounded by streets four rods wide, Peru street being on the south. The owner subdivided this tract into lots, among which was lot 100, belonging to the church. There was a narrow strip, or gore, left on the south of the lots and Peru street, as stated in the opinion.

The court below sustained the injunction.

Messrs. Farwell & Warren, for the appellant.

Mr. J. I. Taylor, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

This controversy grows out of the question whether a strip of ground was dedicated to and accepted by the town as a part of a street. It appears that on the 6th day of June, 1861, Farnham, who was then the owner of lot 100, in the town of Princeton, sub-divided it into Farnham's addition. It appears that, up to that time, he was the owner of the land to the north line of Peru street, including the strip in dispute. But it is claimed that he, by that sub-division and

plat, dedicated the strip to the town, and that the dedication was accepted.

From an examination of the plat, we can not see such an intention manifested. From it we see that all of the other streets around both blocks of his addition are 66 feet wide, and they correspond in width to the other streets of the town, and Peru street is marked as of the same width. On the plat he has separated this strip from the street by a dotted line that is clear and distinct. Now, if this gore was intended to form a part of the street, why thus separate it by this line? It was, of course, dotted on the plat for some purpose, and as no explanation is given, we are left to infer, and it is not a violent presumption, that it was to notify the public that the strip was not intended to be included in the street. Had the line, instead of being dotted, been a clear, continuous, black one, like the other lines of the map, we presume that no one would have ever conjectured that the strip was intended to form a part of the street, and still the dotted line divided it as clearly as would a continuous black line. Again, as we understand it, the dotted line is but a continuation of the boundary line east and west on the same street, whilst, to include the strip in the street would make a jog in those lines. No reason appears, nor is any suggested, why he should have desired to make Peru street wider at that place than it was at others. It could not, in its angular form, have added anything to its beauty, but, on the contrary, it would tend to mar its appearance by having such a jog at that place. To overcome these probabilities, we should not be satisfied with slight and uncertain evidence. It would require strong and marked acts or declarations to overcome the map and other probabilities against a dedication.

Again, when Farnham made this plat, this strip was entirely separated from the street by a sidewalk on Peru street. No part of the strip was under the sidewalk. Its north side was in a straight line with the corresponding lines east and west.

It appears, from the evidence, that the walk has always remained at the same place, and that the strip has neither been worked nor improved by the authorities of the town, nor has it been traveled by the public. On the contrary, this gore has been inclosed with a fence, and was planted in trees and occupied and held as private property for many years. To constitute a dedication, the owner of the property must intend to make the gift, and it must be accepted by the public authorities. This was held in *Gentleman* v. *Soule*, 32 Ill. 280, and a number of other cases in this court, but it was not done in this case.

Farnham testifies that he never did dedicate this strip to the public unconditionally, but offered to do so if the town would change the lines of Peru street so as to meet a road on the east line of the corporation, which would have made the north line of this strip the north line of the new street thus altered; but that the town never made the change. His evidence is strongly corroborated by his deed to appellant, dated in July, 1860, in which we find this recital: "It being hereby expressly stipulated that, in case said proposed alteration shall not be made, or, after being made, shall again be changed, the said strip of land and all right hereby conveyed, shall revert to the said Farnham, his heirs, etc." This deed, accepted by the town, estops them to claim this strip, unless they can show that they have acquired the right since that time.

Again, in 1865 a petition was presented to the common council to have this strip, or a portion of it, condemned for the purpose of widening the street. The petition was received, a committee appointed to examine and report as to the practicability of widening the street, who reported in favor of it, and the report was adopted, the survey made, and a committee appointed to assess the damages appellees would sustain by opening the street through their property. This does not have the appearance of any claim to this strip by the town. On the contrary, it is a clear admission that

they had no claim, and it is an admission that estops them from claiming a dedication, either under the deed or by parol. That proceeding was public, and we may safely infer that, if persons interested had supposed there was a dedication, or that the town had the right to the property proposed to be condemned, the claim would have been brought to the notice of the town council. No act of any kind is shown since 1865 by which a dedication can be presumed. The town has never acted with or treated this strip as its own. It has never worked it, nor has the public ever used it or treated it as belonging to the town, much less the town authorities.

The evidence in the case preponderates strongly in favor of the claim of complainants, and clearly sustains the decree, and it must be affirmed.

*Decree affirmed.*