Syllabus.

# WILLIAM FORBES

## v.

## HENRY BALENSEIFER.

| 74 | 183 |
| 36a | 614 |
| 74 | 183 |
| 141 | 109 |
| 74 | 183 |
| 171 | 621 |
| 74 | 183 |
| 174 | 622 |
| 74 | 183 |
| d184 | 215 |
| 74 | 183 |
| e189 | 6524 |

1. EASEMENT — *can be acquired only by grant or prescription.* An easement, being connected with and appurtenant to real estate, so far partakes of the character of land that it can only be acquired by grant, or prescription, which implies a previous grant.

2. LICENSE — *what constitutes — and whether revocable.* A verbal agreement between the several owners of several tracts of land, by which each gives to the others a right of way over his land, amounts to a mere license, revocable at the will of either of the parties.

3. A verbal license to pass over the land of another may be revoked either by express notice, by obstructing the land licensed to be used, by appropriating it to any use inconsistent with the enjoyment of the license, or by a sale of the land without reserving the privilege to the licensee, and in all such cases the rights of the licensee are terminated.

4. A license does not become executed and irrevocable merely because the licensee has availed himself of the privileges of a license and entered upon their enjoyment, but cases may arise where to revoke would be a great wrong and oppression, and amount to a fraud on the part of the licensor, and in such case a court will, to prevent the fraud, hold the licensor estopped from revoking the license.

5. DEDICATION *for highway — must be accepted.* A dedication of land to public use as a highway must be accepted and appropriated to the uses intended, and until there is such acceptance the owner may withdraw his offer and appropriate the land to any other purpose he may choose.

6. SAME — *how acceptance of dedication may be evidenced.* An acceptance of a dedication of a highway may be evidenced by the public officers taking charge of the road and repairing it at public expense; or, where it needs no repair, by placing it on the map of roads for the proper district, and by its being used by the public, but mere travel by the public is not evidence of acceptance.

7. INSTRUCTION. An instruction that if land was laid out as a public highway by the owner, and the public recognized and accepted it, it would, in law, be a public highway, is erroneous in not telling the jury what is necessary to constitute an acceptance.

APPEAL from the Circuit Court of Marshall county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. Barnes & Muir, for the appellant.

Messrs. Peleg & Perley, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

Appellant brought an action of trespass, before a justice of the peace, against appellee, to recover for injury to and destruction of his corn by appellee's hogs and cattle. A trial was had before the justice, when appellant recovered a judgment for $150 and costs. The case was removed by appeal to the circuit court, where another trial was had by the court and a jury, which resulted in a verdict and judgment in favor of the defendant, and plaintiff brings the case by appeal to this court.

It appears that the owners of four several tracts of adjoining lands, some three or four years previous to the trial, agreed that in fencing these lands each would leave out a rod of ground in width along the dividing line between them, so as to form a lane two rods in width between their farms, from the north to the south side, where this lane intersected at right angles with a public highway. The fences were so built, and it was understood that the lane was to be for the benefit of each proprietor. Subsequently one of the owners sold his farm to appellant, without, so far as we can see from the record, making any reservation. This agreement was never reduced to writing, but only existed in parol, and seems not to have intended the lane as a public highway, but simply as a pass-way for the owners of these lands.

After appellant purchased one of the tracts he closed the lane, by erecting gates, as he claims, with the consent of appellee, but the latter denies that he ever gave consent. It appears that appellee has to pass over a strip of appellant's land to reach this lane, and that appellant forbade appellee's crossing over this strip, but he disregarded the prohibition and subsequently passed over it repeatedly to get out at the lane, and appellant claims that he left the gate open and the fence down,

by which the stock got in and destroyed his corn. The court, against the objections of appellant, permitted appellee to prove the declarations of appellant's grantor, to show this was a private way, which appellee was entitled to use as such, and this is assigned as error.

An easement, being connected with and appurtenant to real estate, so far partakes of the character of lands that it can only be acquired by grant, or prescription, which implies a previous grant. Washburn on Easements, 23. It then follows that this evidence was incompetent to prove appellee had a right of way over appellant's land, as that could only be done by deed, or such long and uninterrupted use as the law would imply a grant, neither of which is claimed in this case. But any verbal agreement which appellant's grantor may have made with appellee for passing over his land could give appellant no vested right of way.

It at most would amount to a mere license, and such a license is revocable at the pleasure of the licensor; and a revocation may be made in different modes. It may be done by express notice, by such acts as are entirely inconsistent with the enjoyment of the license, as, by obstructing the land licensed to be used, by appropriating it to any use inconsistent with the enjoyment of the license, or by sale of the land without reserving the privilege to the licensee. In all such cases of revocation the licensee's rights are terminated. A license, unlike an easement, is not an interest in the land, but only a privilege to go upon the land for a specified purpose, but is revocable at the will of the owner, whilst an easement is irrevocable. Wash. on Eas. ib. But it is urged that an executed license is not revocable, and the case of *Russell* v. *Hubbard*, 59 Ill. 335, is referred to in support of the proposition. In that case it was held that where an adjoining owner induced another, who intended to erect a frame building, to change it to a brick structure, to join his building to the wall of that of the licensor, and afterward insisted upon his removing it, which would have been of great expense to the licensee, besides destroying

24—74TH ILL.

his building, it was held that the license was executed and the licensee and his grantees acquired a right to so use the wall, and that the licensor was estopped to revoke it.

In that case the doctrine was limited to cases where a large sum of money had been expended under the license, partly for the benefit of the licensor, and the position of the licensee had been so changed at the request of the licensor that he could not on a revocation be restored to his original position or be compensated in damages, and having been induced by the licensor to so act, it would have been a fraud to permit a revocation, and that the facts of that case were held to take it out of the general rule which was stated and fully recognized, that the licensor might revoke at pleasure. It was there only intended to hold that cases might arise when to revoke would be a great wrong and oppression, and amount to a fraud on the part of the licensor such as a court would interpose to prevent by holding that he was estopped from revoking the license, and the facts there presented such a case, but not that because a licensee had availed himself of the privileges of a license, and had entered upon their enjoyment, it thereby became executed and irrevocable. The declarations of appellant's grantor, whether made before or after his conveyance, were not admissible to prove the grant, and it was error to admit them. If offered to prove a license, they were improper, because he had conveyed the land over which the license extended, and thereby revoked it.

It is urged that a number of appellee's instructions have no evidence on which to base them, and that they were calculated to mislead the jury, and it was error to give them. The third of his instructions informs the jury that if the former owner laid out a public highway, and the public recognized it and accepted it, then, in law, it would be a public highway, and that defendant could not commit a trespass over the line so fenced out, nor by the removal of any obstruction to free travel along such line as was in the boundaries thus fenced out. We have examined the testimony in the bill of exceptions care-

fully, and fail to find any evidence upon which to base this instruction. There is no pretense that the road was established under the statute, or by prescription, nor do we see the slightest evidence that there was a dedication to public use. It has been said many times by this court, and if any principle is settled, it is, that a dedication, to be valid and binding, must be given by the owner of the land to the public for a highway, and must have been accepted and appropriated to the use intended; that there must be evidence of acceptance, and until there is, the owner may withdraw his offer and appropriate the land to any other purpose he may choose; that an acceptance can be evidenced by the public officers taking charge of the road and repairing it at public expense, or, where it needs no repair, by placing it on the map of roads for the proper district, and by its being used by the public. But mere travel by the public is not evidence of an acceptance. And in all cases it must appear from declarations or convincing circumstances that the owner intended to dedicate the use of the land to the public. No such intention appears in this case. There is no evidence that the public accepted the dedication if one had been intended. The evidence only shows that other persons than the parties occasionally traveled over the road. And the instruction failing to inform the jury what was necessary to constitute a dedication and its acceptance, they may have, and probably did conclude that the travel by the public was an acceptance and was all that was required to create it a public highway.

The fourth instruction refers to and re-announces the rule contained in the third, and for the reasons we have given it failed to announce the law of this case. But it is said that the court should not reverse even if these instructions are erroneous, if they could not have misled the jury, or where we can see that substantial justice has been done. We do not see that these instructions did not mislead the jury, on the contrary we are of opinion that they may have done so; nor can we say that the finding of the jury is clearly

right and that substantial justice has been done. It was error to give these instructions.

By the sixth of appellee's instructions the jury are informed that if they believe that the former owners of the land laid out the road before the acts complained of had been committed, and worked and traveled it amongst themselves as a highway, that would amount to a license to each owner to so use it unless revoked by the owners of the land, and that neither of such owners, nor his grantee, could commit a trespass against any of the other owners or their grantees, by passing over it, nor by the removal of obstructions to free travel therein, till the license was revoked. This instruction was vicious, because it announced an incorrect rule of law, and as framed the jury could only consider whether all of the owners or part of them and the grantees of the others had united in revoking the license. We are aware of no principle of law which requires all the parties to a mutual license to join in its revocation. A verbal license is no more out of the statute of frauds because it is mutual among several, than when it is simply made from one person to another. A verbal agreement between four persons that each shall have a license to pass over a designated portion of the land of each, is within the statute of frauds equally with any other such license. The statute has made no exceptions on account of numbers, and no reason is perceived why it should. Under such a verbal license or agreement either, any, or all of the parties would have the same right to revoke a license as would the licensor to revoke such privileges to a single person. They both stand upon and are governed by the same rule. This instruction was manifestly wrong, as there was no pretense that all of these persons joined in a revocation, and as they did not, this instruction ended the case.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*