ELI C. FISK

*v.*

THE TOWN OF HAVANA.

1. DEDICATION—*land for highway.* To constitute a dedication of land for a highway, the owner of the fee must give the right of way to the public, and it must be accepted and appropriated by the public to that use by travel, and a recognition of it as a public highway by repairs, or otherwise, by the proper

authorities. To show a dedication, the acts of both the donor and the public authorities, in these respects, should be certain.

2. SAME—*intent of owner must appear.* In the absence of proof of an intention on the part of the owner of the land to dedicate its use to the public, a highway can not be regarded as existing by dedication.

3. Where a road was laid out, under defective proceedings, and forcibly opened over a defendant's land, he having opposed the same, and from that time forward contending there was no road, and refused to work out his road tax thereon, and the only proof tending to show a dedication was, his removing a tree and some brush therefrom, under the direction of the commissioners of ' highways, it was *held,* that a verdict on the assumption of a dedication by him could not be sustained.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. FULLERTON & WALLACE, for the appellant

Messrs. DEARBORN & CAMPBELL, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This action was originally commenced before a justice of the peace, in the name of the Town of Havana, against Eli C. Fisk, under section 58, chapter 131, Rev. Stat. 1874, to recover a penalty for obstructing a public highway. The defendant appealed from the decision of the justice to the circuit court, where, on a trial before a jury, a judgment was rendered against him for the penalty provided by the statute.

An attempt was made by the commissioners to lay out the road in question in 1871, but the proceedings did not conform to the law then in force. It is not claimed that the road exists by virtue of any proceedings under the statute, nor is the road claimed by grant or prescription, but appellee bases its right of recovery upon the ground, alone, that a public highway was established by dedication. Where a public highway is claimed by dedication of land, the owner of the fee must dedicate the right of way to public use, and it must be accepted and appropriated by the public to that use by travel, and a recognition as a public highway by the proper authori-

14—88 ILL.

ties by repairs, or otherwise; and where a dedication is relied upon to establish the right, the acts of both the donor and of the public authorities should be certain, of the design to dedicate on the one part, and to accept and appropriate to public use on the other.     *Grube* v. *Nichols,* 36 Ill. 92.

In *Marcy* v. *Taylor,* 19 Ill. 634, where the sufficiency of a dedication of certain land for a highway was considered, it is said: "A dedication for a highway may be proven in various ways.   It may be established by a written grant, by long and uninterrupted user, or by the acts and declarations of the owner of the premises.   But, to be availing it must be made with intent to *dedicate.*"

In *Rees* v. *The City of Chicago,* 38 Ill. 322, it was held, the act of dedication must be free and voluntary, and the intent to dedicate must be shown.

In Angell on Highways, sec. 142, it is declared that "the vital principle of dedication is the intention to dedicate—the *animus dedecendi;* and whenever this is unequivocally manifested, the dedication, so far as the owner of the soil is concerned, has been made."

In *Harding* v. *The Town of Hale,* 61 Ill. 192, the question of an intention of the owner of the soil to dedicate is held essential to the dedication.

The same principle was announced in *Illinois Insurance Co.* v. *Littlefield,* 67 Ill. 368, where it was held, an intention to appropriate the right to the general use of the public must exist, to make a valid dedication.

Under the authorities cited, it is apparent, in the absence of proof of an intention by the owner of the land to dedicate its use to the public, a highway can not be regarded as existing by dedication.   The important inquiry, then, presented by the record is, whether the testimony introduced on the trial was sufficient to establish a dedication.   Prior to 1871, the road was opened by force, and without the consent of appellant, but, as we understand the argument of appellee, it is not claimed the dedication was made prior to 1871.   When the

road was laid out, in 1871, by the commissioners of highways, it was opposed by appellant. He appealed from the decision of the commissioners to three supervisors, and did all in his power to resist the laying out of the road. When defeated before the supervisors, he refused to recognize the road as a public highway—would not work out his road tax upon it, although it ran past his house, but was so much opposed to the road that he worked out his road tax on what was known as the Boker Hill road. It also appears, from the evidence, that, from time to time, appellant obstructed portions of the road, which ran through his land, and, instead of manifesting any intention to dedicate to the public the use of the land claimed as a highway, he was using every effort within his power to defeat the road; but it is urged, appellant recognized the road by removing a tree and some brush therefrom, under the direction of one of the commissioners of highways. This fact, however, can not be regarded as of controlling importance. Besides, appellant, in his evidence, explains the fact by saying the tree was leaning over his fence, and, to prevent it from blowing over upon the fence, he directed his hired man to remove it. The appellant testified, and in this he was corroborated by several witnesses, that he always opposed the road, and objected to it, never consented to have it there, always contended it was not a legal road, and refused to work upon it as a public highway.

Under such proof, how the jury could arrive at the conclusion that appellant intended to dedicate the land for the purpose of a public road, which he resisted and fought from its inception down to the time he was prosecuted for obstructing it, we can not well understand. It may be the jury was misled by the proceedings of the commissioners of highways, in laying out the road, which were read in evidence; but whether that was the case or not, the verdict is so manifestly contrary to the evidence that it was error for the court to deny a motion for a new trial, and upon this ground the judgment will be reversed and the cause remanded.          *Judgment reversed.*