### JAMES H. WOODBURN

*v.*

### THE TOWN OF STERLING.

*Opinion filed February 19, 1900.*

1. DEDICATION—*intention to dedicate and acceptance by the public are essential.* In order to constitute a complete dedication of land for a highway or street, it must not only appear that there was an intention on the part of the owner to dedicate, but also that there was an acceptance of the dedication by the public.

2. SAME—*making deed to highway commissioners of a town is a mere offer to dedicate.* The making and recording of a deed to the highway commissioners of a town, conveying an easement of travel over a strip of land for highway purposes, is a mere offer to dedicate the land, which may be revoked by the owner before public acceptance of dedication, if private rights have not intervened.

3. SAME—*formal acceptance of dedication by some public authority is not necessary.* It is not necessary to an acceptance of an offer to dedicate land for a highway that there be an immediate formal acceptance by some competent public authority.

4. EVIDENCE—*what evidence tends to show acceptance of dedication.* Public acceptance of a dedication of land for highway purposes by deed is strongly indicated by evidence that the municipality accepted and retained the deed, put in a stone culvert with graded approaches, graveled and macadamized a part of the highway and cut weeds and underbrush therefrom, and some years afterwards accepted a deed from another owner extending such highway.

5. SAME—*an offer to dedicate may be proved by oral declaration.* An offer by the owner of land to dedicate it for a public highway may be proved by his oral declarations.

6. SAME—*when rule that instituting proceedings to condemn highway is an admission of its non-existence does not apply.* The rule that the institution of proceedings by a municipality to condemn land for a highway is an admission of the non-existence of such highway at that time, does not apply to a highway in controversy which merely crosses the strip of land condemned.

APPEAL from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding.

This is an action originally brought before a justice of the peace in the name of the town of Sterling, appellee, against the appellant, James H. Woodburn, to recover the statutory penalties for several obstructions to a high-

way in that town. The appellant denied the existence of the highway. The appellant was found guilty before the justice of the peace, and adjudged to pay a penalty of $20.00 and costs, from which judgment an appeal was taken to the circuit court. In the latter court, the trial was had before the court and a jury, resulting in a verdict and judgment against appellant of $3.00 and costs. The present appeal is prosecuted from such judgment.

In addition to the instructions asked by him, the appellant submitted a written question, requiring the jury to make a special finding as to whether the strip of ground in controversy at the point of the alleged obstruction was a public highway, as defined in the instructions at the time of such obstruction; and, in answer to such question, the jury did make a special finding, that said strip of ground was a public highway.

In 1873, and prior thereto, appellant owned a tract of land adjoining the city of Sterling on the west. Third street in that city runs east and west; and its western extremity was at the east line of appellant's land. March 17, 1873, appellant became the owner of another tract, adjoining the first mentioned tract on the west and extending to the land of one W. H. Whipple still further west. The highway in question consisted of a strip of land four rods in width, extending from the west end of Third street westward across appellant's lands to the east line of said Whipple's land. At the west end of the land owned by appellant, and on the north side of the strip in question, appellant had an orchard; and the tract of ground south of the strip in question and opposite to it was a tract, which appellant sold to one Dillon. The orchard and the Dillon land were the one north and the other south of the west end of the strip in question, and just east of the Whipple tract. The obstructions complained of consisted of a fence, or fences, built by the appellant across the strip in question between the orchard and the Dillon land.

C. H. WOODBURN, and A. A. WOLFERSPERGER, for appellant.

F. E. ANDREWS, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

It is not seriously disputed on the part of the appellant, that he intended to dedicate to the public, as a highway, the strip of land in question, running from the west end of Third street in the city of Sterling to the tract known as the Whipple tract. There is no claim here, that there was a public highway by prescription, but the contention is that such highway existed by dedication. Whether an owner of land has dedicated it to a city for the purpose of a street, or to a town for the purpose of a highway, is simply a question of intention. This question of intention must be determined by all the circumstances which surround the transaction. (*City of Belleville* v. *Stookey*, 23 Ill. 441). It is essential to the dedication of land by the owner for purposes of a public highway, that there must be an intention on the part of the owner so to dedicate. (*Fisk* v. *Town of Havana*, 88 Ill. 208). In order to constitute a complete dedication, it must not only appear that there was an intention on the part of the owner to dedicate, but it must also appear, that there was an acceptance of the dedication. (*Littler* v. *City of Lincoln*, 106 Ill. 353). The design or intention of the owner to dedicate, and the design or intention of the public, or its proper authorities, to accept the dedication, must be established by acts, which are unequivocal and satisfactory. (*Grube* v. *Nichols*, 36 Ill. 92; *Trustees* v. *Walsh*, 57 id. 363).

The acts on the part of appellant, which are here relied on to show an intention to dedicate the strip in question for the purposes of a public highway, satisfactorily establish such intention on the part of appellant. In

1873, appellant applied to one of the commissioners of highways of the town of Sterling to have the highway in question opened across his land, as an extension of Third street. The commissioner suggested to him, that he should make a deed of the strip of land in question to the highway commissioners. Accordingly, a deed was executed on August 15, 1873, by the appellant and his wife, as parties of the first part, to the highway commissioners of the town of Sterling, as parties of the second part, conveying a strip of land four rods in width, commencing at the west end of Third street in the city of Sterling, and extending said street or highway westerly to the land of W. H. Whipple, and making the following recital therein, to-wit: "Said land to be held and used solely for the purpose of a public highway, it being hereby expressly understood and agreed by and between the parties to these presents that the said grantors herein convey to said party of the second part the right of way or easement over said premises for the purposes of a highway only, and to convey no more or greater title to said premises than said easement for a highway." In addition to the deed thus executed to the highway commissioners, appellant, on May 1, 1873, executed to Moses Dillon a deed, conveying the tract of land referred to in the statement preceding this opinion, and, in describing the tract so conveyed therein, recognized the existence of the highway in question by the use of the following words, to-wit: "Thence north six chains to the south boundary of the road leading west from Third street in the city of Sterling, thence westerly along said south boundary," etc.

Appellant placed fences on the north and south sides of the strip at such distances apart, as to enclose a strip of the same width as the strip named in his deed to the commissioners, and thus fenced out said strip to the public as a highway. Appellant admits in his testimony, that he cleared up the undergrowth of brush upon the

strip, and fenced it out for the purposes of a public high-
way. The fencing out of a strip of land by the owner
affords strong evidence of its being left for a highway,
and, without contravening evidence, must be accepted as
satisfactory evidence of its dedication. (*City of Chicago*
v. *Hill*, 124 Ill. 646). The sale of the property adjoining
the highway, and the description of it in the deed of con-
veyance as being bounded by the highway, are circum-
stances going to show an intention to dedicate the land
embraced in the strip for the purposes of a highway, be-
cause it becomes necessary for the purchaser to whom
the land is sold to use the strip as a highway. (*City of
Belleville* v. *Stookey, supra*). The making and recording of
a plat, which is executed and acknowledged in conform-
ity with the statute, constitutes a statutory dedication
of the streets or highways and alleys, designated upon
the plat, to the use of the public, and in such case the
fee of the streets or highway is vested in the municipal-
ity, provided that there is an acceptance of the dedica-
tion. (*Maywood Co.* v. *Village of Maywood*, 118 Ill. 61).

It is claimed, however, on the part of the appellant
in this case, that the deed in question so executed to the
highway commissioners was invalid, and vested no title
in them; and that, therefore, the execution of the deed
was merely an offer to dedicate, and that there was no
acceptance by the public or by the town of Sterling of
the dedication; and that the appellant withdrew his offer
before there was any acceptance. It has been held by
this court that the making and filing of a plat, which is
not acknowledged in conformity with the requirements
of the statute, constitute a mere offer to dedicate, and
where the same is accepted by the municipality, there
is simply a common law dedication. (*Village of Vermont*
v. *Miller*, 161 Ill. 210). As there must be an acceptance
by the public, or the public authorities, in order to make
a dedication complete and effectual, the making and re-
cording of a plat, and, by analogy, the making and re-

cording of a deed to the municipality, must be regarded
before the acceptance as a mere offer; and such offer may
be revoked by the owner of the land at any time before
acceptance, subject to the condition that the owner will
be estopped to .deny the dedication whenever private
rights have intervened. (*City of Chicago* v. *Drexel*, 141 Ill.
89; *Hamilton* v. *Chicago, Burlington and Quincy Railroad Co.*
124 id. 235).

Whether or not in the present case there was an in-
tention on the part of the appellant to dedicate the strip
in question to the public for the purposes of a highway,
and whether or not there was an acceptance of said' dedi-
cation by the public and its officers, were questions, in
a proceeding of this kind, which were to be determined
by the jury under proper instructions from the court.
(*Grube* v. *Nichols, supra*). Appellant claims, that his inten-
tion to dedicate the strip in question for the purposes of
a highway was conditional.   He claims that, in March,
1873, he entered into an arrangement with Whipple, by
which he was to extend Third street across his own land
to the east side of Whipple's land, provided Whipple
would at the same time continue the road or highway
westward upon the latter's land, and thence on to an out-
let which is the continuance of Fourth street.   The ex-
istence of such a conditional dedication was a fact to be
settled by the jury.    There was evidence on both sides
upon the question, whether or not appellant's dedication
was subject to the condition contended for.  The terms of
the deed executed by him to the highway commissioners
conveyed the strip absolutely and without condition.
Shuler, the highway commissioner, to whom appellant
originally made his application for the laying out of the
highway, swears, in substance, that there was no such
condition attached to the dedication of the highway, and
that the arrangement made with Whipple for the exten-
sion of the road across his land was made some three or
four years after the execution of appellant's deed to the

highway commissioners. The evidence shows that, on June 27, 1877, Whipple and his wife executed a deed conveying to the township of Sterling a strip of land four rods wide across the Whipple property, which is described in the deed as a continuation of Third street, and which, by the terms of the deed, was to be used and enjoyed by the inhabitants of said township and by the public generally for a highway. This deed made by Whipple was accepted by the highway commissioners of the town, and by them placed on record.

The contention of the appellant, that there was no acceptance of the dedication of the highway by the public authorities, and that he revoked his offer of dedication, as made by the execution of his deed, and by other acts, before any acceptance took place, involved a question of fact which was submitted to the jury under the instructions, and which has been decided against him. The main question to be decided in the case was, whether or not there was an acceptance of the dedication by the public, or the public authorities, before any act of revocation by the appellant took place. His right to revoke his offer was one which he was obliged to exercise before its acceptance. Any attempt at revocation after acceptance could not operate as a resumption of the grant in his favor. In *Proctor* v. *Town of Lewistown*, 25 Ill. 153, we held that, if the owner of land has fenced out a strip which he at the time designed as a road for public use, and the dedication by him thereof was accepted by the public before his retraction, he cannot subsequently change his purpose and resume the grant.

As to what constitutes sufficient evidence of the acceptance of the dedication by the public authorities, it may be said that an "immediate formal acceptance by some competent public authority cannot be necessary to give effect to a dedication of land to the public use." (*Town of Lake View* v. *LeBahn*, 120 Ill. 92). There must be user, or some other act indicating acceptance by the

public authorities, in order to complete the dedication. (*Hamilton* v. *Chicago, Burlington and Quincy Railroad Co. supra,* and cases cited). Such public user, as amounts to an acceptance, may be shown by travel and by the acts of public officers in repairing and keeping up the highways. (*Town of Lake View* v. *LeBahn, supra; Rees* v. *City of Chicago,* 38 Ill. 322; *Marcy* v. *Taylor,* 19 id. 634). In *Forbes* v. *Balenseifer,* 74 Ill. 183, we said (p. 187): "An acceptance can be evinced by the public officers taking charge of the road and repairing it at public expense, or where it needs no repair, by placing it on the map of roads for the proper district, and by its being used by the public." It is true that mere travel by the public does not of itself constitute acceptance, but, in connection with other acts and circumstances, may be regarded as tending to show an acceptance. (*Forbes* v. *Balenseifer, supra; City of Chicago* v. *Hill, supra*). The user by the public must be in such a way and at such a time, as that the public accommodation and private rights will be materially affected by the interruption of the enjoyment. (*Maywood Co.* v. *Village of Maywood, supra*). In *Trustees* v. *Walsh, supra,* we said (p. 369): "If it be a street, working and repairing it by the public authorities, or a user by the public a sufficient time, constitute evidence of acceptance of the proffered donation, which, if unequivocal, makes the dedication complete; and the reasons that underlie an estoppel *in pais* are cogent against allowing the owner to revoke the dedication." The portion of the highway obstructed lay between appellant's orchard, north of the western portion of the strip and Dillon's tract of land south of the western portion of the strip and directly opposite the orchard. Unquestionably as between Dillon and the appellant, appellant would be estopped from revoking his dedication of that portion of the highway on the north of Dillon's ground by the fact, that he sold the ground to Dillon with reference to the existence of the highway adjoining it on the north. It is claimed by ap-

pellant, that the public authorities here abandoned the highway by non-user of the same for more than twenty years. The presumption of such an abandonment might be aided by the fact, that no private rights had intervened. But the fact is that, here, by reason of the conveyance to Dillon, private rights have intervened. (*Village of Vermont* v. *Miller, supra; Jordan* v. *City of Chenoa,* 166 Ill. 530; *Hamilton* v. *Chicago, Burlington and Quincy Railroad Co. supra; City of Chicago* v. *Union Building Ass.* 102 Ill. 379; *Littler* v. *City of Lincoln,* 106 id. 353).

In answer to appellant's application for the extension of Third street across his property, so as thereby to create a public highway over the same, the execution of a deed by him to the commissioners was suggested. In response to such suggestion he executed the deed, and the same was delivered to, and accepted by, the highway commissioners, and was produced upon the trial below by the town clerk from among the papers and records belonging to the town. Acceptance of the deed was a circumstance, tending to indicate an acceptance by the authorities of the dedication of the highway. In *Town of Princeton* v. *Templeton,* 71 Ill. 68, the acceptance of a deed to a strip of land by a town which is subject to a condition, was held to estop the town from claiming the street without complying with the condition; and the plain implication is, that, if the condition had been complied with, the acceptance of the deed indicated an acceptance of the dedication of the strip. In addition to this, the evidence showed that, soon after the acceptance of this deed, the town authorities proceeded to repair and improve the highway in question. About two-thirds of a mile east of the Whipple tract there was a ravine across the highway which made it impassable. The town authorities built a stone culvert in this ravine, and graded dirt upon it from the top of a high mound adjoining it, so as to make it passable for teams. This stone culvert was put in by the commissioners of highways. The grading and

scraping down of elevations into the highway by scrap-
ers was done by the commissioners of highways.  They
graveled and macadamized a part of the highway, and
cut the weeds and underbrush from other portions thereof.
The evidence tends to show that, at that time, no other
repairs were needed, except the making of the culvert
and the grading which was done.  In *Town of Lake View*
v. *LeBahn, supra,* in mentioning the circumstances which
indicated an acceptance of the dedication of a street by
the public authorities, the building of a culvert by the
town authorities over a ditch in the street was referred
to as one of such circumstances.  The fact, that several
years thereafter the commissioners accepted a deed from
Whipple extending the highway further to the west,
tends to show that they had accepted the road as a high-
way.  There is also evidence, showing that there was
travel over the highway by teams.  The traffic was more
extensive over the eastern end of the highway, where
Third street in the city of Sterling joined and merged
into it, but beyond the eastern end there was also much
use of it in the matter of travel and hauling by teams.
In view of this evidence, we are unable to say that the
court erred in leaving to the jury the question, whether
or not there had been an acceptance of the highway by
the public and the public authorities.

There is evidence tending to show that, shortly after
the acceptance of the deed by the commissioners, appel-
lant did some work upon the highway in the matter of
grading and removing undergrowth; but these acts ap-
pear to have been done, not for his own benefit, but in
subordination to the public authorities and for the pur-
pose of aiding in the making of a public highway.  Appel-
lant introduced evidence tending to show that he built a
fence or extended some wires across the highway in the
year 1884, but evidence was introduced by the appellee
which contradicted the existence of any obstruction in
the highway until the year 1896 or 1897.  But the ques-

tion as to these obstructions and the time when they were placed upon the highway, and the further question as to whether they were such obstructions, as amounted to a resumption of the possession of the property by the appellant, and to a revocation of his offer of dedication, were fairly left to the jury by the instructions of the court.

Appellant complains of an instruction given on behalf of appellee to the effect that the dedication of land for a public highway may be made by an oral declaration. There was no error in giving this instruction, because the intention of an owner as to such dedication may be proven by his oral declarations. (*Gentleman* v. *Soule,* 32 Ill. 271; *Kelly* v. *City of Chicago,* 48 id. 388; *Kyle* v. *Town of Logan,* 87 id. 64; *Fisk* v. *Town of Havana, supra; City of Chicago* v. *Drexel, supra*). There was evidence of such oral declaration made by the appellant when he applied for the opening of the highway, and agreed to make a deed of the strip in question. The instructions in regard to what acts are necessary to establish an acceptance of the dedication by the public and the public authorities are substantially in accordance with the rules and principles hereinbefore announced.

The instructions given presented clearly to the jury the theory of the appellant. One instruction given for the appellant told the jury that, when a person has made an offer to dedicate a piece of ground to public use, he has the right to withdraw such offer at any time before the same is accepted by the public authorities, and that, if they believed from the evidence that the appellant withdrew his offer before it was accepted, the dedication never became complete. Another instruction given for the appellant, after being slightly modified, told the jury that the deed, executed by him to the highway commissioners, did not of itself establish the highway, but that the making of it, with all the other evidence, might be considered by them in determining whether there was an offer to dedicate the strip as a highway; and that, in

order to make the dedication complete, it must have been accepted by the town authorities; and that, if they never did accept it, or if, prior to such acceptance, appellant withdrew his offer and resumed possession of the property, the dedication never became valid. Another instruction told the jury that, if they believed from the evidence, that the public authorities failed to accept the tendered road for the space of twenty years or more, and that, if in the meantime appellant had withdrawn his offer and resumed possession of the land, the dedication never became complete.

It seems that in 1898 appellee condemned a new road on the line between the orchard and the Whipple tract running north and south and across a part of the highway in question. Appellant claims that this action on the part of the town authorities was an admission, which has estopped them from claiming a prior dedication. Where public authorities institute condemnation proceedings to lay out a public road over a strip whose existence as a public highway is in controversy, the taking of such proceedings amounts to an admission that there was no public road there at that time. (*Town of Princeton* v. *Templeton, supra; Shields* v. *Ross,* 158 Ill. 214). But this principle has no application here, as the condemnation proceeding was not instituted for the purpose of condemning the strip here in controversy, but for the purpose of condemning another strip, running north and south, which merely touched upon a portion of the highway in controversy.

We think that the instructions, as a whole, presented the law with reasonable correctness, and are not sufficiently erroneous, although containing some inaccuracies of expression, to satisfy us that the jury were misled by the same, or that the giving, or modification, or refusal of any of them worked any injury to the appellant.

It is charged that the court erred in some particulars in the admission and exclusion of evidence, but after

carefully considering the points made by counsel on this branch of the subject, we discover no material error. The main objection urged to the action of the court in this regard is the refusal of the court, at one part of his examination, to allow appellant to testify to a conversation, which took place between himself and Whipple in regard to the opening of the road in 1873, and in regard to the understanding claimed to have been had between himself and Whipple. While it is true, that the court refused to allow appellant to answer a question put to him by his counsel upon this subject, it yet appears that at a later stage of the examination he did state that he had an agreement with Whipple, that the latter would make a highway through his property upon condition that the appellant would open the highway here in controversy. It does not appear, therefore, that appellant was injured by the ruling of the court in reference to this matter.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*