# S. R. Miller, et al., v. Commissioners of Highways of Town of Jonathan Creek, et al.

1. DEDICATION—*how may be made.* The intention to make a dedication may be manifested by express consent or by acquiescence of the user; no particular form is necessary; it may be made with or without a writing.

2. DEDICATION—*how acceptance of, may appear.* The acceptance of a dedication may appear by acts showing an intent to receive the same.

Injunctional proceeding. Appeal from the Circuit Court of Moultrie County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed March 20, 1906.

BRYAN H. TIVNEN and JOHN E. JENNINGS, for appellants.

SENTEL & WHITFIELD and HARBAUGH & THOMPSON, for appellees.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This was a bill in chancery for an injunction brought by appellants, landowners and taxpayers in the town of Jonathan Creek, against appellees, as commissioners of highways of said town, by which it was sought to enjoin said commissioners from letting any contract for the construction of bridges across Jonathan Creek intersecting the right of way of the Purvis road, and from expending any of the public moneys for such construction or for other improvement of said right of way. A temporary injunction was issued in accordance with the prayer of the bill. Upon the hearing of exceptions to the report of the master in chancery, the bill was dismissed at complainants' costs. To reverse such decree this appeal is prosecuted.

The following conclusions of fact by the master are admitted by appellants to be warranted by the evidence: That

a petition under the statute was filed with the commissioners on August 5, 1897, praying for the laying out of a public highway commencing at the northeast corner of the southeast quarter of section 21, town 14 north, range 6, east of the 3rd P. M. in said town, and running thence in a southerly direction on the most eligible route to the southeast corner of the northeast quarter of section 28, in Jonathan Creek township, which petition was granted; that commissioners caused a survey and plat to be made of said proposed highway, and spread upon the town record; that a trial was had for the purpose of ascertaining the damage of the various landowners, and damages were assessed; that the commissioners, September 14, 1897, finally granted said road to be laid out as follows: Beginning in the center of the public highway 118 feet south of the northwest quarter of section 21, town 14 north, range 6 east, and running from thence south 2,532 feet to a stone, thence south 2,680 feet to a stone in the center of public highway, as shown by plat, road being of the width of forty feet, the line of said survey being the center of said road, and declared it a public highway; that on September 26, 1897, commissioners required a new report of the survey of said proposed road to correct former report of surveyor, which described the road as one mile west of the location prayed for in the petition, and the new report was so filed; that an appeal was taken from the decision granting such road to three supervisors of the county of Moultrie, and by the latter tribunal, the commissioners' finding was reversed, and the prayer of said petition denied. That in October, 1903, Lawrence Purvis and others petitioned the commissioners to build two bridges upon the road here in controversy, but that the commissioners, at a special meeting on November 6, 1903, denied their right to build said bridges recording as their reason therefor, "that the road had never been accepted as a public highway." That on February 20, 1904, Lawrence Purvis, J. W. Bolin and others petitioned the commissioners to accept a road there described, alleging that said road had been a public highway for the past four years, dedicated to the public

use, plat of which had been filed for record in the records of Moultrie county; and also that on May 31, 1904, said Purvis and Bolin executed a deed for land, to the supervisors of Moultrie county, for the use of the public generally, describing therein a road one mile west of the road in controversy. That in all reports and proceedings of the commissioners said to be in reference to the road in controversy, a road is described one mile west of the one here in question; that none of the deeds in evidence in this cause correctly describes the road in issue, or the land over which it passes; that the time the Purvis road was fenced out, it was the intention of the owners of the fee over which the road passed, to dedicate the same to the public as a highway; that the commissioners advertised notice of the letting of public contract for building of two bridges at public expense on this road.

Appellants contend that the location of the Purvis road is uncertain, unascertained, and not disclosed on the record; that no survey or plat of the same has been made and spread upon said town records; that the commissioners of said town have caused no work to be done, or materials furnished, or public funds expended, upon this road as a public highway or otherwise; that, on February 27, 1904, the commissioners did not accept said road as it was fenced and laid out, or otherwise; that the action of the commissioners on June 1, 1904, did not constitute an acceptance of this road; that the deed of July 28, 1904, by Purvis and Bolin was improperly admitted in evidence, because it was made after the commencement of this suit, and has never been considered or acted upon by said commissioners or shown upon the town records and does not locate the road; that there has been no dedication, express or implied, or grant and acceptance of said road; that it was and is a private way, and would be an unnecessary burden upon said township to accept it; that the evidence sustains the bill, and the injunction ought to be made perpetual on the record.

The main question here involved is whether or not the Purvis road in question had been dedicated and accepted by

the commissioners. A determination thereof will be decisive as to propriety of the final decree of the Circuit Court. Whether or not the road was dedicated depends upon the intention of the owners of the land. Woodburn v. Town, 184 Ill., 208. Notwithstanding the line of the road was incorrectly described in both the offer by Purvis and Bolin to dedicate and in the deed afterward executed by them, we are of opinion that an intention by them to dedicate the land over which the road in controversy passes as a public highway, clearly appears from the evidence, which shows that said owners shortly after the acceptance by the commissioners of their offer to dedicate, fenced out the land over which the present road actually passes.

A dedication may be made by grant or written instrument; it may be evidenced by acts and declarations without writing, no particular form being required to establish its validity, it being purely a question of intention. The mode of making dedications is immaterial. They are not within the Statute of Frauds, and are good by parol. The intention of the party manifested by express consent, or acquiescence in the user, will govern in determining whether it be a dedication. Godfrey v. City, 12 Ill., 29; Warren v. The President, etc., 15 Ill., 236. No particular formality is required to constitute a dedication; it may be made either with or without writing, by any act of the owner, such as throwing open his land to the public use and travel, thereby indicating a clear intention to dedicate. Harding v. Town, 83 Ill., 501. The fencing out of a strip of land by the owner affords strong evidence of its being left for a highway, and, without contravening evidence, must be accepted as satisfactory evidence of its dedication. City v. Hill, 124 Ill., 646; Woodburn v. Town, *supra*.

The intention of the commissioners to accept the same in behalf of the public is shown by the facts appearing in evidence, that from the time of the attempted acceptance until the day of the hearing, the road had been traveled by the public generally and was well-defined; that the same had been worked, graded and improved by placing rock and

gravel thereon and by placing a wooden culvert across the same, and that the commissioners had advertised notice of a proposed letting of a contract for the building of bridges across the same.   Town v. Town, 60 Ill., 58.

Immediate formal acceptance by some competent authority cannot be necessary to give effect to a dedication of land to the public use.   Town v. LeBahn, 120 Ill., 92; Woodburn v. Town, *supra*.   Where a road is outside of a municipal corporation, no particular acts are required by the law to constitute an acceptance.   Where it is traveled, recognized and worked upon as a highway, a presumption of acceptance arises, and where no repairs are needed, use by the public sufficiently long and general to evidence an acceptance will be sufficient.   Town v. Town, *supra;* Board v. Holly, 169 Ill., 9; Alvord v. Ashley, 17 Ill., 363; Town v. LeBahn, *supra*.   It is not essential that there should be any pre-scribed formal act of acceptance.   Littler v. City, 106 Ill., 353.

We are satisfied that the chancellor was warranted in finding that the Purvis road in question was the road intended to be dedicated to the public for public use, and that commissioners intended to accept the same as a public road.

The contention of appellants that travel of a private way of the width of thirty feet only, is not sufficient under the statute to make it a public road, and that it is uncertain whether one, forty or thirty feet in width was accepted, is without force.   The provision of the statute referred to relates only to roads established under the act authorizing the establishment of highways by petition and has no relation to those established by dedication.   Rev. Stat. 1903, page 1592.   Where a road is established by a common law dedication and acceptance, its width is fixed by the act of the owner in his offer to the public and that of the public accepting the same.

The decree of the Circuit Court is affirmed.

*Affirmed.*