# Louis Krisch, Appellee, v. City of Chicago, Appellant.

## Gen. No. 14,579.

STREETS—*what not, so as to charge municipality for injury occurring upon.* The permissive use of a strip of land as a street does not legally constitute it such so as to render a municipality liable to an action for an injury resulting because of the disrepair thereof; in order to charge a city with liability for failure to care for an alleged public street, both dedication and acceptance must be proven.

BAKER, J., dissenting.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. P. W. GALLAGHER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed with finding of fact. Opinion filed June 15, 1909. Rehearing denied June 29, 1909.

**Statement by the Court.** The city of Chicago, appellant, prosecutes this appeal to reverse a judgment of the Circuit Court rendered against it and in favor of Louis Krisch, appellee, for damages for injuries claimed to have resulted from negligence of appellant respecting one of its streets.

The evidence in the record tends to show that a certain roadway, called Loomis street, runs north and south between Twenty-second street and the Chicago river in the city of Chicago, that it is not intersected by any other street. It is a roadway between lumber yards. There is a plank footway on the west side of the roadway. A few feet south of Twenty-second street, the roadway is crossed by four railroad tracks. About three hundred feet further south two switch tracks enter the roadway from the east. One of these switch tracks extends south along the east side of the roadway, and the other crosses the roadway and runs south along the west side of it to a point about 175 feet south of the yard of J. C. Deacon & Co. From the track on the east side of the roadway opposite to Deacon & Co.'s yards, a switch track extends south-

westerly across the roadway, until it reaches a point about 175 feet south of Deacon & Co., and then it runs along the west side of the roadway to the Chicago river. The roadway between the tracks was planked, and the space between the rails of the track which crosses the roadway opposite Deacon & Co.'s yard was also planked.

The plaintiff was a teamster in the employ of Armour & Co. and was driving one of its wagons along this street or roadway. He fell from the wagon and was injured. He claims that his fall was caused by one of the wheels of the wagon running into a hole in the plank roadway near the switch track last above mentioned. This claim is controverted by appellant.

The jury returned a verdict on the trial below against the defendant, finding the defendant, appellant, guilty and assessing the plaintiff's damages at $5,000. After overruling defendant's motion for a new trial and in arrest of judgment, the court entered judgment on the verdict.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant; EDWARD C. FITCH and R. W. DONOVAN, of counsel.

BRADY & LEVY, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The record in this case presents two controlling questions of fact. The first of these questions is, did the negligence of the city in failing to exercise reasonable care to keep the alleged street in a reasonably safe condition for travel cause the injuries suffered by the plaintiff?

The plaintiff and his only witness, Mike Molle, who saw the accident, testify that one of the front wheels of the wagon which the plaintiff was driving went into a hole in the planking in the second track from Twenty-second street, and the plaintiff fell off his wagon and

was injured. The witness Molle does not locate the hole in the planking definitely, except to say that it was at or near a railroad crossing in Loomis street, where one track crossed the street. He apparently locates the hole alongside the west rail of the track at the crossing nearest the river, or the third crossing south of Twenty-second street. This crossing is nearly a thousand feet south of the place described by the other witnesses in the case. If he meant to locate the hole at this crossing, he is clearly mistaken in his recollection. The plaintiff himself locates the hole which he drove into at the second track from Twenty-second street, counting the tracks running straight across Loomis street near Twenty-second street as the first crossing. This would locate the place of the accident about three hundred feet north of Deacon & Co.'s office. In thus locating the place of the accident the plaintiff contradicts the testimony of every other witness in the case, and locates the place of the accident about fifteen hundred feet north of the place designated by his witness Molle.

The evidence in the record shows that there are three diagonal railway or switch tracks across the roadway of Loomis street, so called, between the river and the tracks just south of Twenty-second street. We think the most reliable evidence in the record shows that the front wheel of plaintiff's wagon struck the south rail of the second of these crossings, and instead of passing over that rail directly, it slid along the inside of the rail ten or fifteen feet to the right and then went out of and over the track. By means of this action of the wagon plaintiff was jolted or thrown from his seat and fell upon the pole of the wagon, upon which he was borne along some distance until he fell to the ground and was run over in front of Heath & Whitbeck's office. The testimony of Mary Schindl, Joseph Stasny, Frank Prchal and John Linhart sup. ports this view of the case, and the manner in which appellee was thrown from his seat and the cause of it.

Immediately after the accident Linhart, Pitzeck, Stasny, Gagne and Prchal went to this cross track and inspected it and the roadway. They saw the wheel marks where the soft earth was pushed up against the rail by the sliding wheels. They testify that the roadway at that time was made of hardwood planks three inches thick, in good sound condition, and that the roadway was free from holes. Where this track runs across the roadway, the plank were laid up to the rails, and the space between the rails was also planked, the planks there running lengthwise with the rails. After the tracks passed across and beyond the roadway there was no planking between the rails. It was on this part of the track to the west of the roadway that the wheels of the wagon slid along what was then the south or east rail of the track.

The preponderance of the evidence shows, we think, that the planked roadway was in good condition and free from holes; and that the allegations of negligence in the declaration are not proven.

We are furthermore of the opinion, from a careful examination of the record, that the evidence fails to show that the roadway, called Loomis street, where the accident occurred, was a public highway over which appellant had a right or authority to exercise supervision and control. We find no evidence of a dedication of the strip of land designated in the record as Loomis street, or of an acceptance of it as a street by appellant. City of Chicago v. Borden, 190 Ill. 430. From all that appears in the evidence the use of the strip of land as a street was simply permissive and for the benefit of the adjoining lumber yards as a private way. The use of it as such and the use of it by others for the time indicated by the proof in the record, would not make it a public highway or amount to proof of a dedication. White v. Bradley, 66 Me. 254. Mere travel by the public does not, of itself, constitute an acceptance by the municipality. Forbes v. Balenseifer, 74 Ill. 183. But long-continued and gen-

eral public use may be sufficient to prove an accept-
ance by the city authorities for public use, as a ques-
tion of fact. In order, however, "to charge a city
with liability for a failure to care for an alleged pub-
lic street, as in this case, both the dedication and an
acceptance must be proved." City of Rock Island v.
Starkey, 189 Ill. 515.

The evidence in the record, in our opinion, fails to
show a dedication of the road in question for a pub-
lic street and an acceptance of the same by appellant
or by those authorized to represent it or the public.
Hence, the plaintiff has failed to prove the allegation
of his declaration that appellant was bound to main-
tain the roadway in question and its neglect of duty in
that regard.

The judgment is reversed with a finding of fact.

*Reversed with finding of fact.*

Mr. Justice BAKER dissenting.